## Richmond

MARTHA RUTH CAMPBELL, ET AL. v. J. D. JOHNSON, ET AL., PART-
NERS, ETC.

November 27, 1961.

Record No. 5339.

Present, All the Justices.

*George P. Smith, Jr. (E. C. Wingfield*, on brief), for the appellants.

*John T. Camblos (Jack N. Kegley; Michie, Taylor, Camblos & Deets*, on brief), for the appellees.

WHITTLE, J., delivered the opinion of the court.

J. D. Johnson and Myrtle D. Purvis, partners trading as Purvis and Johnson, hereinafter referred to as the partnership, filed their bill in chancery in the Circuit Court against Martha Ruth Campbell and her father and mother, Harrison D. Campbell and Ethel H. Campbell, hereinafter referred to as the Campbells.

The bill alleged that Martha Ruth Campbell, while employed as a cashier in the retail business of the partnership, unlawfully took and embezzled money belonging to the partnership in the amount of at least $16,000; that the money was converted to the use of herself and her parents; that part of the money was used to purchase and improve real estate titled in the name of Martha Ruth Campbell; part was used to purchase two motor vehicles; part was used to buy a pony and a horse; and that part was placed in certain banks in Charlottesville in the separate or joint accounts of the Campbells.

The bill prayed that the above property be declared held in trust for the partnership and that the Campbells be required to convey and deliver the same to the partnership; that the Campbells be required to make an accounting of the money embezzled; that they be restrained from disposing of any assets during the litigation; and further, that a deficiency judgment be granted against the Campbells for any sums shown to be due.

The Campbells filed a demurrer to the bill in which they asserted that the allegations were insufficient to show the creation of any trust cognizable in equity; that the relief sought was purely legal; that complainants had a complete adequate remedy at law, and that the bill on its face disclosed that the various causes of action were improperly joined in the proceeding.

The court overruled the demurrer and allowed the Campbells ten days within which to file an answer or other pleadings. Whereupon an answer was filed on behalf of Harrison D. Campbell and Ethel H. Campbell. Martha Ruth Campbell filed a plea denying that she had unlawfully taken money belonging to the partnership. To this plea the partnership filed a general replication, and Miss Campbell de-

manded a trial by jury on the issue raised by the plea as allowed by § 8-213, Code of Virginia, 1950, which provides:

"A plaintiff in equity may take issue upon a plea, and either party may have such issue tried by a jury."

A pre-trial conference was held at which time the court ordered that two questions be submitted to the jury, to-wit: (1) Whether Miss Campbell had unlawfully taken money from the partnership, and if so (2) the amount of money so taken. At this time counsel for the partnership vigorously objected to the court's ruling, urging that only one question should be submitted to the jury, i.e., whether Miss Campbell had taken money belonging to the partnership. They duly noted their objection and exception to the court's ruling that both questions should be submitted.

According to the brief filed by the Campbells, "The case came on for trial before a jury on June 14, 1960, and continued the better part of three days. Voluminous testimony was introduced by both sides and numerous exhibits were introduced in evidence" (none of which is in the record). At the conclusion of the evidence the jury was instructed as above indicated, to ascertain (1) whether or not Martha Ruth Campbell had unlawfully taken money from the partnership, and (2) if she did unlawfully take money, how much did she take.

Some time after the case had been submitted to the jury, the jurors returned into court with a verdict reading: "We the jury are hopelessly deadlocked." The court refused to accept the verdict and instructed them to return to their room for further deliberation. When the jury retired, counsel for the partnership moved the court that the jury be instructed that they might return a verdict on the first question only. Over the objection and exception of the Campbells the jury was called back before the court and instructed as follows:

"Lady and gentlemen of the jury, you will recall that the court instructed you that there were two questions for you to determine, one, whether there had been an unlawful taking, and second, if so, how much was taken.

"Now, if you can agree as to the first question but cannot agree as to the second you may find a separate verdict on the first question without finding on the second."

The jury retired and later returned the following verdict: "We, the jury, find the defendant, Martha Ruth Campbell, guilty of unlawfully taking money from Purvis and Johnson."

Whereupon, the Campbells renewed their objection to the ruling of the court and noted an exception thereto. They then moved that a

new jury be impaneled and a new trial had. This motion was over-ruled.

The court entered the decree complained of whereby it was ordered that the verdict of the jury be received and judgment entered thereon, and that the plea of Martha Ruth Campbell be overruled, giving her ten days to file an answer.

Upon the filing of the answer the case was further heard by the court. It was agreed that the court need not again hear the testimony previously introduced, with the understanding that the Campbells did not waive the objection and exception previously taken.

The court later entered a decree adjudicating that the partnership have judgment against Martha Ruth Campbell in the sum of $15,000, plus interest and costs, impressing an equitable lien upon the real estate, a Ford car, $100 in money, the horse and pony, and two bank accounts.

[1] Four assignments of error are relied upon, the first being: "The bill of complaint should have been dismissed because it does not present a proper case for equitable jurisdiction."

This contention was abandoned in argument before us. It was conceded that equitable jurisdiction was necessary because, though law might have furnished substantial relief against the wrongdoer, it could not furnish complete relief. 19 Mich. Jur., Trusts and Trustees, §§ 48 and 129, pp. 98 and 204.

■ Secondly it is contended that "The instructions should not have been changed after the jury retired because such action was contrary to the law governing the case and invaded the province of the jury."

There is no merit in this contention. The chancellor felt that he had committed error by submitting more than one question to the jury under the plea, and after changing his mind, properly submitted the only question raised by the plea, i.e., did Miss Campbell take money belonging to the partnership.

Miss Campbell availed herself of Code, § 8-213. In the plea she denied that she had taken money from the partnership. This was the only question in issue under the plea and the trial court is to be commended rather than criticized for correcting the previous error. *Smith v. Insurance Co.*, 202 Va. 758, 762, 120 S. E. 2d 267, 269, 270. Had the jury found that Miss Campbell had taken no money from the partnership, a judgment on their verdict would have ended the case. Having found to the contrary, the amount taken became a matter for accounting.

As stated in Lile's Equity Pleading and Practice, 3rd Ed., § 199, page 114:

"The defense by plea is used where the defendant desires to present a single state of facts (although possibly made up of numerous circumstances), as a defense to the plaintiff's suit. The advantage which the plea presents over the answer is that it shortens the litigation—reducing the issue, as it does, to a single point."

Unlike an answer, a plea in chancery presents a distinct issue of fact which, if proved, creates a bar to the suit.

As stated in *Elmore* v. *Maryland, Etc.*, 145 Va. 42, 52, 134 S. E. 472:

"If the plea was sufficient, that is, if it stated matter of fact sufficient, if true, to end the controversy in favor of respondent, then respondent was entitled as a matter of right, as heretofore shown, to have the issue tried by a jury, * *."

And as stated in Merwin, Equity and Equity Pleading, § 972, page 559:

"Demurrers raise a question of law. Pleas raise a question of fact. The office of a plea is to present a simple issue of fact which operates as a bar to the plaintiff's right of recovery. The fact put in issue by the plea constitutes in itself a complete defense to the bill, or to that part of the bill to which it is pleaded."

The only Virginia case cited as authority for the contention here advanced by Miss Campbell is *Phillips* v. *Wells*, 147 Va. 1030, 1043, 133 S. E. 581, from which opinion she quotes as follows:

"By Section 6121 of the Code [now Section 8-213], either party has the right to have submitted to the jury any questions of fact arising in a chancery cause, and put in issue by proper pleadings, and this submission to the jury is a matter of right that cannot be denied the party asking for same."

A reading of the full opinion in the *Phillips* case discloses that the case did not involve the interpretation of § 8-213. In that case some of the defendants demurred to the bill on the ground that equity did not have jurisdiction because they had the right to have their title adjudicated in an action of ejectment with trial by jury. The case was one of partition. The demurrer was sustained by the trial court and an appeal was taken. We held that it was a proper case for equity. The quoted statement as to the trial by jury was dictum and not necessary to the decision of the case. Any other interpretation placed upon the quotation is here disavowed.

Under the third assignment Miss Campbell states that she "was de-

prived of her lawful right to have a jury trial of the issues raised by her plea." In her brief she says: "Under this point will be considered the third and fourth assignments of error and also in part the second assignment of error, because the actions complained of, namely, the changing of the instructions by the court, the receiving of the verdict of the jury on the first question only and overruling the plea, and the denial of the motion that a new jury be impaneled and that a new trial be had on the issues, all had the effect of denying to the appellant, Martha Ruth Campbell, her right to have a jury determine the question of how much money she took, if it were determined she took any."

The matters here raised have been heretofore dealt with. The plea filed by Miss Campbell simply denied that she had taken any money from the partnership. Thus, necessarily, it raised no issue as to the amount. Under the plea the question of the amount taken could not properly have been submitted to the jury. The amount involved in the embezzlement was in no way a bar to the suit. It was merely an issue as to the merits of the suit and therefore properly subject to a general answer in equity and not subject to a special plea.

■ It is conceded that the evidence in the case consumed more than three days and that the transcript would have been voluminous. None of this evidence is before us and the chancellor's determination of the amount taken will not be disturbed. His decision in this regard is presumed to be correct.

The chancellor said in his opinion: "I realize the difficulty you had and I certainly want to congratulate Mr. Kegley [of counsel for the partnership] on an excellent piece of work in digging out these facts. He has convinced me not only by the preponderance of the evidence but beyond any reasonable doubt. I have no doubt in my mind with respect to this case, the facts in this case. I want to make that a matter of record."

We find no error in the record, and the decree is

*Affirmed.*