## CIRCUIT COURT OF ROCKINGHAM COUNTY

Smith

    v.

Adams et al.

Case No. (Chancery) 10421

Adams et ux.

    v.

Smith et al.

Case No. (Law) 6888

August 24, 1984

By JUDGE HENRY H. WHITING

This suit, filed to enforce a mechanic's lien upon the defendant's residence for restoration work after its damage by fire, involves a number of issues which will be dealt with in the order of their required resolution.

(A) *Was the memorandum of mechanic's lien filed within the required ninety-day period?*

The property owners say that the mechanic's lien was filed beyond the ninety-day period. The contention is denied for the following reasons.

(1) One claim is that inserting the date interest was to accrue as beyond the ninety-day period meant that the contract was completed on that date.

While interest was claimed from June 10, 1983, and the contractor did not file the memorandum of mechanic's lien until September 14, 1983, its president contended that interest accrued from the date the owners got the insurance check for the loss and not from the date of completion of the job. Nowhere on the memorandum does the contractor state when the job was completed, nor was it required to do so by the applicable statutes. Virginia Code Sections 43-4, 43-5. The Court does not believe an amendment is required to the memorandum; it finds as a fact that the contractor merely claimed interest from the earlier date and that did not preclude him from proving the actual completion date.

(2) Evidence has been heard upon the factual dispute as to whether work was done upon the premises within the ninety-day period of the filing of the memorandum. At the hearing the contractor introduced evidence to show James Byrd, one of its employees, hung four of the storm windows required to be supplied under the contract within that period. That employee, who testified by deposition, said he picked up those windows at a local supply source showing the delivery of four storm windows to him within the ninety-day period. (This was corroborated by the invoice. (Plaintiff's Exhibit 3 to the deposition)) Byrd said that the defendant Joyce Schultz came out of the house as he was installing the windows and asked his identity and purpose, which he furnished (deposition April 14, 1984, page 6). His time is also corroborated by the time ticket introduced as Plaintiff's Exhibit 2 to the deposition. The property owners contended that this ticket was for an earlier week of work, so indicated in pencil on each day at the top and changed by an office employee in ink to falsely indicate a later week. The other time tickets (Plaintiff's Exhibits 2 and 3) by the

same laborer clearly indicate he was *not* working on the Adams's house a week earlier or a week later. The Court does not find a fraudulent attempt to alter records has been established but rather a routine correction as testified by the bookkeeper.

While both owners denied the installation of those four windows on June 16th (or thereafter), the Court finds as a fact that they were installed on that date as a part of the contract between the parties.

(3) The Court further finds that this installation was not a structured attempt to *begin* a new period to file a mechanic's lien: (1) by furnishing material not contemplated to be a apart of the completed structure *after* the former period had expired, as in the lower court opinion in *Canton Roll & Machine Co. v. Rolling Mill Co. of America, et al.*, 155 F. 321, 332, *et seq.* (N.D. W.Va. 1907) (cited by the owners in this case), *reversed* as to the finding that the rolls were outside the contract and not a part of the structure and the lien reinstated in *Canton Roll & Machine Co. v. Rolling Mill Co. of America, et al.*, 168 F. 465, 469, *et seq.* (4th Cir. 1909), or (2) making inconsequential repairs, condemned in Section 192 Am. Jur. 2d *Mechanic's Liens*, page 710.

Accordingly, the motion for summary judgment and to dismiss the bill of complaint in the mechanic's lien suit (Chancery No. 10421) is denied.

(B) *Are the defendants entitled to a jury trial?*

They assert the right is absolute on three theories.

(1) The mechanic's lien suit cannot proceed because the memorandum of lien was filed too late and therefore we should treat the suit as a law action with the right to a jury trial. This contention fails because of the ruling above.

(2) A jury trial is a matter of right under Article 1, Section 11, of the Constitution of Virginia and Section 8.01-336, Virginia Code. The contention is inapposite for several reasons.

(a) Contrary to the property owners' assertion on page 3 of their memorandum of March 7, 1984, that "Section 8.01-336 of the Code of Virginia . . . guarantees the right to a trial by jury in all matters whether at

equity or at law unless that right be waived," the statute itself provides only for a waiver of the right to a jury trial "in any action at law" where no demand therefore is filed. Virginia Code Section 8.01-336(B). The principles of exclusion by enumeration would seem to deny any such right to a jury trial in equity in this subparagraph B, especially when we see that jury trials in equity are specifically treated in subparagraphs D and E thereof, discussed hereafter.

(b) Virginia Code Section 8.01-336(D) *requires* a jury trial in equity where "a plea has been filed to an equitable claim, and the allegations of such plea are denied by the plaintiff." That section codifies the earlier equity practice, *Lile's Pleading and Practice*, sect. 199 at p. 114 (3d ed. 1952), but the defendant must present "a single set of facts (although possibly made up of numerous circumstances) as a defense to the plaintiff's suit." *Ibid*. Illustrative of that principle in cases construing Section 8.01-336(D) are *Bolling v. General Motors Acceptance Corp.*, 204 Va. 4 (1963), and *Campbell v. Johnson*, 203 Va. 43 (1961). In *Bolling* an answer and a counterclaim were filed to a bill in equity seeking the enforcement of a conditional sales contract on a truck. The Supreme Court held that even if these pleadings had been put in the proper form so as to invoke the statute giving a right to a trial by jury on a plea in equity, they did not present a single issue of fact operating as a bar to the right of recovery, citing *Lile, supra* and *Merwin, Equity and Equity Pleading, id.*, at 8. Since the pleadings admitted a default under the contract and set up a claim for breach of warranty as an offset, it did not qualify as "reducing the issue . . . to a single point [so that] when issue is taken on such a plea and judgment entered on the jury's favorable verdict thereon, the case [would be] at an end." *Ibid*.

In *Campbell* a trial judge erroneously submitted *two* issues to a jury in a suit in equity against a defaulting servant to trace funds and impress a lien on assets purchased with those funds. The issues were (1) whether the funds were unlawfully taken and, if so (2) the amount of money taken. When the jury "hung," the trial judge was sustained in removing the second issue from consideration and taking a verdict only on the first issue and

then concluding the case by deciding the amount taken itself and without a jury. The appellate court held that the only issue which should have been submitted to the jury was whether any money had been unlawfully taken and the amount then became a "matter of accounting." *Id.*, at 46.

In this case these defendants postulate *two issues* in their "Demand for Jury Trial" filed March 7, 1984. This "demand" (as was Bolling's "Answer and cross-claim") is not sufficient to invoke the provisions of Virginia Section 8.01-336(D) and does not present the required "single issue of fact" in describing the "issue raised on said plea" as "the (1) validity and enforceability of a Memorandum of Mechanic's Lien and Bill of Complaint[1] . . . *and* (2) any counterclaim thereto filed by the defendants." (Emphasis and numbers added.)

(c) An action at law was filed by the respondents some months *after* their "counterclaim" asserting essentially the same demand which was filed in this equity suit. The defendants have not only submitted to the jurisdiction of the Court, they have actively sought its aid in the

---

[1] Leaving aside the "counterclaim," the multiplicity of issues appears in the answer itself in paragraphs 7 through 15, even allowing for the same defense repeated in different paragraphs. Summarizing them it appears that liability is denied because:

(1) Some of the work was not done (paragraph 7).

(2) Some of the materials were not furnished (paragraph 7).

(3) The work was not satisfactorily completed (paragraphs 8, 13 and 14).

(4) The written contract is incomplete and the omission of amounts next to specific items of work were "attempts to defraud and mislead" (without saying how the owners were damages).

(5) Subsequent oral agreements (apparently) were made changing the written contract (without saying in what respect) (paragraph 10).

(6) An attempt was made to defraud the property owners by presenting one contract to them and a different one to the insurance company (without saying how the owners were damages) (paragraph 11).

(7) The contractor submitted bills to the insurance company in excess of the amount reported to the property owners (without saying whether they were collected or what sums were wrongfully obtained) (paragraph 12).

(8) The contractor has overcharged for many items and failed to deduct for work not done (paragraph 15).

assertion of a "counterclaim" (more properly called a cross-claim in equity, *Barton's Chancery Practice*, Chapter 14, page 283).

Since the Court has taken jurisdiction over all the issues in this case in the equity matter, which was filed first, it would complicate matters to have two separate proceedings, one in equity to establish the contract, construe its terms and determine the validity and amount of the mechanic's lien, with all the detailed evidence required to show the quantity and quality of workmanship supplied under the contract, and another proceeding at law to determine the owners' offsets to the claim. Judicial economy and the principles enunciated in *Stevens v. Sparks, Executrix*, 205 Va. 128, 133 (1964), require that all these matters be resolved in this suit.

Moreover, the defendants' subsequent filing of an action at law cannot oust this equity court of jurisdiction. *See Grubb v. Starkey*, 90 Va. 831 (1894) (specific performance of contract after the bill of complaint filed cannot prevent an award of damages thereafter in the same suit in equity).

(C) *Should the Court exercise its discretion to grant a jury trial on an issue out of chancery under Virginia Code Section 8.01-336(E)?*

This motion must be denied for the following reasons.

(1) The defendants have not sufficiently alleged or demonstrated that the conflicts in the evidence are so great and its weight so evenly balanced that the Court will be "unable or with difficulty able to determine where the preponderance rests." *Harris v. Citizens Bank & Trust Co.*, 172 Va. 111, 133 (1939) (trial court sustained in refusing to order an issue out of chancery on a charge of negligence against executor in handling investments of an estate); *Bunkley v. Commonwealth*, 130 Va. 55, 59 (1921) (trial court improperly submitted to a jury an issue as to whether the defendant ran a house of prostitution); *Stevens v. Duchett*, 107 Va. 17 (1907) (trial court reversed on ordering an issue of the existence of a partnership upon insufficient affidavits).

(2) Multiple issues should not be submitted to a jury on an "issue" out of chancery.

In *Hook v. Hook,* 126 Va. 249 (1919), a trial court was reversed (apparently *sua sponte* by the appellate court) for failing to submit the issue of whether a deed was an outright conveyance to a sister or one upon a trust for a brother, citing two earlier cases, *Knibb's Executor v. Dixon's Executor,* 22 Va. (1 Rand.) 249 (1822) (a dispute as to whether bill of sale for a slave was a conveyance or a security device, trial court reversed in failing to order *an issue*); *McCully v. McCully,* 78 Va. 159 (1833) (trial court sustained in exercise of its discretion to order *an issue* as to whether a partnership existed between two brothers). *See Catron v. Norton Hardware Co.,* 123 Va. 380 (1918), where the majority opinion writer opined as a dissent that *the issue* of whether a relationship between the parties was one of partnership or employment should have been submitted to a jury.

I conclude from these cases that a Court should not submit multiple issues to a jury on "an issue out of chancery" and the multiplicity of issues in this case demonstrates the wisdom of the rule.

Counsel for the contractor may draw an appropriate decree, saving the owners' objections.