## CIRCUIT COURT OF FAIRFAX COUNTY

Pisner

v.

Wilson Tree Co. et al.

July 18, 1995

Case No. (Law) 139250

BY JUDGE JACK B. STEVENS

This matter was set on the Briefing Schedule to consider Defendants' Plea in Bar and Plaintiff's Motion to Overturn the Sanction Award and Release the Appeal Bond. For the reasons set forth below, the Court sustains the Plea in Bar on Counts I and II. The Plea in Bar on Count III is denied. In addition, the Court awards sanctions in the amount of $2,500.00 to the Defendants and orders the Clerk to release the appeal bond to the Defendants.

### Res Judicata

A plea in bar is a defensive pleading that reduces the litigation to a single issue of fact which, if proven, creates a bar to the suit. *Campbell v. Johnson*, 203 Va. 43 (1961). The moving party carries the burden of proof. *Id.*

Count I of Plaintiff's pleadings seeks recovery for damages allegedly incurred from Defendants' trespass on property outside the easement obtained by VDOT. Count II seeks recovery for damages incurred by Defendants' alleged trespass on property within the easement but prior to the legal establishment of the easement. Counts I and II are barred by the doctrine of res judicata.

A party seeking to assert res judicata as a defense must establish: (1) privity of the parties; (2) identity of the cause of action; and (3) identity of the remedies sought. There also must be a final judgment on the merits.

*See generally, Bates v. Devers*, 214 Va. 667 (1974); *Dotson v. Harman*, 232 Va. 402 (1986); *Commonwealth v. Johnson*, 7 Va. App. 614 (1989). Furthermore, a valid judgment on the merits in favor of a party bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the parties and their privies. Michie's Jurisprudence, Vol. 8B, *Former Adjudication or Res Judicata*, § 49 (1994).

Turning to the first factor, VEPCO and Wilson Tree Company are in privity with VDOT. There is no fixed definition of "privity;" however, "[i]t is generally held that 'privity' means a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights . . ." *Johnson* at 619 (quoting *Patterson v. Saunders*, 194 Va. 607 (1953)). Looking at the case at bar, the original condemnation petition expressly stated that VDOT was taking the easement for VEPCO's use:

> The Commonwealth Transportation Commissioner of Virginia has also directed to be taken, in order the same may then be conveyed to the Virginia Electric and Power Company, its successors and assigns, an easement and right of way for the construction, operation, and maintenance of power line facilities, including any and all necessary attachments and appurtenances thereto . . . . (Petition at 2.)

VEPCO and Wilson Tree Company's interest in the property is derived from and identical to that of VDOT. For these reasons, the Defendants are in privity with VDOT.

Turning to the second and third factors, the cause of action and the remedies sought in Count I are identical to the counterclaim in the earlier case. In *VDOT v. Pisner*, Pisner asserted a counterclaim for property damage outside the easement. Judge Kenney's May 21, 1993, Order expressly stated Pisner "may pursue his claim of damages to his property for the cleaning of trees outside the easement area." In addition, Pisner was permitted to assert "his claim for damages to his property as a result of certain trees being removed by the survey party outside the easement area . . . ." These damages were caused by VEPCO and Wilson Tree Company acting pursuant to VDOT's instructions. Thus, the counterclaim in *VDOT v. Pisner* clearly encompasses Count I of this case, damages caused by VEPCO and Wilson Tree Company outside the easement.

The fourth factor requires a final judgment on the merits. *VDOT v. Pisner* was decided on its merits after a full two-day trial. A Final Order

was entered by Judge Kenney on December 17, 1993. The Order awarded Pisner $4,357.00 for the VEPCO easement and denied Pisner's Summary Judgment Motion on the counterclaim. If any part of the suit had not been tried, no final order could have issued. It is clear that the December 17, 1993, Order is dispositive of the entire case. Furthermore, the Virginia Supreme Court denied Pisner's Petition for Appeal on September 16, 1994. Therefore, the Order became final on September 16, 1994, if not December 17, 1993. Thus, there is a final judgment on the merits, and the fourth factor has also been satisfied. For these reasons, the doctrine of res judicata bars Count I of Plaintiff's Motion for Judgment.

Count II of Plaintiff's claim is also barred by res judicata. Count II seeks damages for Defendant's trespass within the easement prior to the establishment of the easement. This claim existed at the time of the earlier suit and is germane to the case. Pisner could have and should have litigated these claims in *VDOT v. Pisner* (1993). The doctrine of res judicata applies to all matters existing at the time of the earlier judgment which the party had the opportunity to bring before the court. *Griffin v. Griffin*, 183 Va. 443 (1945). If a second suit is brought between parties or their privies on the same cause of action, the earlier judgment is conclusive "not only as to every question which was decided, *but also as to every other matter which the parties might have litigated and had determined*, within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the litigation . . . ." *Id.* at 450 (emphasis added). The mere fact that the party, by his own fault, failed to litigate the matter does not prevent res judicata from attaching. Therefore, Count II is also barred by res judicata. Defendants' Plea in Bar on Count I and Count II are hereby sustained.

### Statute of Limitations

Count III alleges assault by the Defendants. Plaintiff asserts that in the January 17, 1995, Bill of Particulars, he stated the assault took place "after July 22, 1993." July 23, 1993, was a Saturday. Plaintiff filed this suit on Monday, July 25, 1994. There is an ambiguity in exactly when the assault took place, and it could be interpreted that the suit was timely filed. Therefore, the Plea in Bar on Count III is denied.

### Sanctions

The General District Court sanctioned Plaintiff $2,500.00 pursuant to Va. Code § 8.01-271.1. The Plaintiff is an attorney. He represented himself

*pro se* through some of the proceedings, after which he obtained counsel. The General District Court twice allowed the Plaintiff to file a Bill of Particulars to clarify his claims before dismissing the case. Counts I and II should not have been filed by Plaintiff since they are barred by the doctrine of res judicata. The Court finds that sanctions are merited in this case and awards $2,500.00 in sanctions to the Defendants. The Court directs the Clerk to release the appeal bond to the Defendants as follows: the sum of $1,750.00 to Brian A. Geshickter, Esq., at the law firm of Siciliano, Ellis, Dyer & Boccarosse and the sum of $750.00 to William G. McMurtie, Esq.

Accordingly, the General District Court's ruling on Count I, Count II, and Sanctions is affirmed. Count III shall proceed to trial as scheduled on July 25, 1995.