## CIRCUIT COURT OF FAIRFAX COUNTY

Mary E. Alipio

 v.

Fairridge OBGYN
Associates, P.C., *et al.*

April 28, 2016

Case No. CL-2015-6125

BY JUDGE STEPHEN C. SHANNON

This matter came before the Court on April 8, 2016, on Defendant Fairridge OBGYN Associates, P.C. ("Fairridge")'s plea in bar. This case presents a matter of first impression: whether the civil and criminal immunity applicable to physicians and medical care facilities under Virginia Code § 32.1-38 is limited to claims arising from the act of reporting health-related confidential information to authorized state and local entities or whether the statute provides broader immunity to include misconduct described in the reports. The Court adopts the narrower interpretation of the scope of immunity. Therefore, Defendant's plea in bar is denied.

### *Background*

The Court relies primarily upon the pleadings in this case for purposes of this plea in bar. On May 21, 2013, Plaintiff Mary E. Alipio delivered her child at INOVA Fair Oaks Hospital under the care of Fairridge employees, who had provided her prenatal, labor, and post-partum treatment. Two days after giving birth, Plaintiff was discharged from Fair Oaks Hospital by a Fairridge employee. At the time of her discharge, Plaintiff felt dizzy and had abnormal blood pressure. After her discharge, Plaintiff began suffering from increased dizziness, nausea, vomiting, diarrhea, gastro-intestinal symptoms, abdominal discomfort, and she had a low-grade temperature. As a result of these symptoms, Plaintiff went to the Prince William Medical Center on May 25, 2013, where a doctor quickly admitted her to the Critical Care Unit due to significant sepsis. Plaintiff remained in the hospital until approximately June 3, 2013, primarily in the Critical Care Unit,

where physicians ultimately treated her for group A Streptococcus. The Virginia Department of Health and the Fairfax County Health Department investigated these events and concluded that the source of Plaintiff's infection was an employee or agent of Fairridge. At some point following these investigations, the source of the infection was disclosed to Plaintiff, who filed suit against Fairridge for medical malpractice on May 8, 2015.

In addition, it is not disputed that Defendant self-reported to the Virginia Department of Health that someone on its staff had been infected and that Plaintiff, the patient, had been exposed to this person thereafter, which ultimately led Plaintiff to learn of the source of her A Streptococcus.

Defendant contends that Plaintiff's medical malpractice claim is barred by Virginia Code § 32.1-38, the Virginia Department of Health regulations, and the Virginia Department of Health's confidentiality policy, as Plaintiff's case rests upon the information she obtained as a result of the investigations conducted by the Virginia Department of Health and the Fairfax County Health Department. Pursuant to Virginia Code § 32.1-38 and 12 VAC 5-90-90, physicians and medical care facilities who report instances of certain communicable diseases at their facilities are immune from civil liability or criminal penalty "connected therewith." Defendant interprets the language of Virginia Code § 32.1-38 to mean that physicians and medical care facilities self-reporting instances of such communicable diseases are immune from civil liability not only for the act of disclosing otherwise-protected patient information, but also from liability for the conduct of Defendant's agents disclosed in the report, unless the injury caused was due to gross negligence or malicious intent.

Plaintiff, on the other hand, interprets the language of Virginia Code § 32.1-38 as providing immunity for claims connected to the act of making the report or disclosure, such as patient lawsuits for breach of duty, breach of confidentiality, or defamation. Plaintiff contends that the statute does not provide immunity for injuries caused by a medical provider simply because the conduct is reported to the Virginia Department of Health. Therefore, she asserts that her claim is not barred.

## Analysis

A plea in bar is a defensive pleading that "shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882 (1996) (citation omitted). A plea in bar does not address the merits of the complaint, but raises a single issue of fact that might constitute an absolute defense to the suit. *Angstadt v. Atlantic Mut. Ins. Co.*, 254 Va. 286, 292, 492 S.E.2d 118 (1997). The moving party carries the burden of proof on that issue of fact. See *Campbell v. Johnson*, 203 Va. 43, 47, 122 S.E.2d 907 (1961).

Virginia Code § 32.1-38 is part of a chapter of the Code focused on disease prevention and control. See Chapter 2, Disease Prevention and Control, Va. Code §§ 32.1-35 to 32.1-73.8. This chapter addresses the obligation of physicians and medical care facilities to report certain diseases, how local and state agency investigations are to be conducted following such reports, and the processes for isolating and quarantining infected persons. *Id.* Moreover, the Virginia Department of Health regulations and confidentiality policy, cited by Defendant, do not create a basis for physician immunity separate from Virginia Code § 32.1-38. Rather, they both reference § 32.1-38 when addressing immunity.

In Defendant's pleading, there is reference by analogy to the exclusionary rule. The purpose of the exclusionary rule is to ensure that constitutional violations are not rewarded by the use of evidence obtained illegally. This has no application to the instant case. See *County of Henrico v. Ehlers*, 237 Va. 594, 603, 379 S.E.2d 457 (1989) ("According to the Supreme Court, the exclusionary rule has never been applied in a civil proceeding, state or federal. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1042, 104 S. Ct. 3479, 82 L. Ed. 2d 778 (1984); *United States v. Janis*, 428 U.S. 433, 447, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976). When that statement was first made in *Janis*, the Supreme Court left open the question whether the exclusionary rule might be applied in civil cases where the same sovereign which violated the Fourth Amendment would stand to benefit from that violation in the civil proceeding. The factual scenario left open in *Janis* was the very one considered in *Lopez-Mendoza*. Yet, in *Lopez-Mendoza*, the Supreme Court refused to apply the exclusionary rule to a civil deportation proceeding."); *Lee v. Southside Va. Training Ctr.*, 2010 Va. App. lexis 39, at *5-6 (Va. App. 2010).

Virginia Code § 32.1-35 requires the Virginia Board of Health to publish a list of diseases caused by toxic substances, including substances that potentially could be used as weapons. Under Virginia Code § 32.1-36, physicians are required to report to either the Board of Health or its Commissioner any patient diagnosed with one of these diseases or any patient under the age of twelve with a venereal disease, with limited exceptions. Medical care facilities have similar obligations under Virginia Code § 32.1-37.

Likewise, physicians and medical care facilities are required to report to local health departments any patient who tests positive for exposure to human immunodeficiency virus ("HIV"). Of significance, § 32.1-36 states, "there is no duty on the part of the physician to notify any third party other than the local health department of such test result, and a cause of action shall not arise from any failure to notify any third party." Va. Code § 32.1-36. In other words, the failure of a physician or medical care facility to make a disclosure directly to third parties who may be susceptible to infection by

the patient cannot provide the basis for a lawsuit against the physician or medical care facility.

Virginia Code § 32.1-38 similarly is focused on providing immunity for the reporting or disclosure of patient information, whether the grievance is due to a breach of patient confidentiality or errors underlying a claim for defamation, rather than providing immunity for the misconduct described in the reports themselves. For purposes of deciding this plea in bar, the relevant portion of Virginia Code § 32.1-38 is as follows:

> Any person making a report or disclosure required or authorized by this chapter, including any voluntary reports submitted at the request of the Department of Health for special surveillance or other epidemiological studies, shall be immune from civil liability or criminal penalty connected therewith unless such person acted with gross negligence or malicious intent.

The word "therewith," as used in this section, refers to "this chapter." Thus, in other words, § 32.1-38 provides that "[a]ny person making a report or disclosure required or authorized by this chapter . . . shall be immune from civil liability or criminal penalty connected" *with this chapter.* See Va. Code § 32.1-38. This chapter of the Virginia Code, Chapter 2 of Title 32.1, specifies particular civil and criminal penalties for improper disclosures. Under § 32.1-36.1, for example, any attorney for the Commonwealth or local jurisdiction can recover for the Literary Fund a civil penalty of not more than $5,000 for the unauthorized disclosure of a person's HIV status. Likewise, under § 32.1-27, a person who willfully violates the patient confidentiality protections established by statute or regulation commits a Class 1 misdemeanor.

In order for the language of § 32.1-38 to be consistent with the penalty provisions of this chapter, § 32.1-38 must be read as providing immunity from the specified civil and criminal penalties arising from the act of improperly disclosing confidential information, unless the individual disclosed such information as a result of gross negligence or with malicious intent.

Other states have comparable statutes designed to balance a medical provider's need to disclose information necessary to prevent public health epidemics and the need to protect patient confidentiality. These statutes support the idea that the immunity contemplated by Virginia Code § 32.1-38 is intended to extend only to claims associated with the act of self-reporting instances of certain communicable diseases, not for acts of malfeasance that may be described in the reports themselves. For example, Nebraska's statute provides that "[a]ny medical practitioner, any official health department, the Department of Health and Human Services, or any other person making such reports . . . shall be immune from suit for slander

or libel or breach of privileged communication based on any statements contained in such reports and notifications. . . ." Neb. Stat. § 71-503.01(4). Illinois' statute also provides immunity "from suit for slander or libel based upon any statements contained in such report," as long as such report is made in good faith. Ill. Comp. Stat. 45/1; *see also People, ex rel. Dir. of Pub. Health v. Calvo*, 89 Ill.2d 130, 132-33, 432 N.E.2d 223, 59 Ill. Dec. 639 (1982).

The comparable statutes enacted by North Dakota and New Jersey specify that immunity extends only to the act of reporting otherwise confidential information related to instances of certain communicable diseases. North Dakota's statute provides: "A person making a report in good faith is immune from liability for any damages which may be caused by that act." N.D. Cent. Code § 23-07-02. New Jersey's statute states that "a person or entity, who is authorized by the commissioner to report, receive, or disclose information relating to the registry pursuant to this act, shall be immune from liability for . . . reporting information to, receiving information from, or disclosing information received from, the registry in accordance with the provisions of this act or any regulation adopted pursuant thereto. . . ." N.J. Stat. Ann. § 26:4-135. The language of these statutes lends support to the idea that the immunity from civil liability or criminal penalty contemplated by Virginia Code § 32.1-38 was meant to extend only to claims associated with the act of reporting confidential information.

Taken to its logical conclusion, Defendant's position is that Virginia Code § 32.1-38 provides civil and criminal immunity for physicians and medical practices who infect their patients with communicable diseases, so long as the malfeasance of infecting the patient was merely the result of negligence. Because this Court declines to take such an expansive reading of the statute for the reasons set forth above, Defendant's plea in bar is denied.