Present:  All the Justices

LEWIS S. JANUS

v.  Record No. 941269    OPINION BY JUSTICE ELIZABETH B. LACY
                                    June 9, 1995
WILLIAM A. SPROUL, III

        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                  LeRoy F. Millette, Jr., Judge


     Lewis S. Janus instituted this litigation by filing a bill
of complaint against William A. Sproul, III, alleging breach of
contract.  In June 1989, Sproul, as chairman and treasurer of
Devon Land Ashley Farms Corporation, executed a note for
$75,000 in favor of Janus.  Janus asserted that Sproul also
orally agreed to personally guarantee payment of the note and
"reduced said guaranty to writing" in a July 6, 1989 letter.
Sproul rejected Janus's subsequent demand for payment.

     Prior to a hearing on the complaint, Sproul filed a plea
in bar asserting that Janus's claim was barred by the Statute
of Frauds because the July 6, 1989 letter did not sufficiently
memorialize the alleged guaranty agreement.  The trial court
sustained the plea in bar and Janus appealed.  The sole
question in this appeal is whether the July 6, 1989 letter
satisfied the requirements of the Statute of Frauds, Code § 11-
2(4).

     The letter to Janus was written on the corporate
letterhead of "Devon Land Corp." and was signed by Sproul.
Although he was an officer of the corporation, the letter
contained no indicia of Sproul's position.  The letter, in
relevant part, stated:
     We recognize that Society Reality [sic] is owed a

> $75,000 commission on our purchase of that property per your agreement with Thomas Herr and that that commission will be paid at the time of our receiving a development loan prior to commencement of construction activities on the site.

Janus asserts that the letter is a sufficient memorandum of Sproul's alleged oral promise to personally guarantee the commission payment.

To satisfy the Statute of Frauds, a writing must contain the essential terms of the agreement it memorializes. Reynolds v. Dixon, 187 Va. 101, 106, 46 S.E.2d 6, 8 (1948). With respect to a guaranty agreement, the Statute of Frauds requires that the nature and extent of the undertaking, including the promise to pay the debt of another, appear on the face of the writing or the agreement is not enforceable. American Indus. Corp. v. First & Merchants Nat'l Bank, 216 Va. 396, 399, 219 S.E.2d 673, 676 (1975). These essential terms of the agreement must be obvious on the face of the writing without recourse to parol evidence. Rahm v. Klerner, 99 Va. 10, 14, 37 S.E. 292, 293 (1900). The July 6, 1989 letter signed by Sproul does not contain the essential elements of the alleged underlying oral agreement, namely, Sproul's personal promise to pay the debt of the corporation. The letter merely acknowledges that a commission will be paid.

Accordingly, the trial court's action sustaining Sproul's plea in bar will be affirmed.

Affirmed.