# CIRCUIT COURT OF THE CITY OF ROANOKE

Michael G. Brizendine

v.

City of Roanoke

September 17, 1997

Case No. CL93-1326

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff car wreck victim alleges that Defendant City allowed its public road, which was slick, to become dangerously so when surface water flowed across it, partially caused by poor maintenance of the road shoulder. In the alternative, Plaintiff claims that the slippery when wet road constitutes a public nuisance. Under both theories, Plaintiff contends that the slippery surface of the road contributed to his two vehicle accident. The Defendant City has filed a plea of sovereign immunity and a demurrer. The Court sustains the City's plea of governmental immunity, and the demurrer is rendered moot.

A municipality is liable in tort when it acts in a proprietary capacity but is immune from liability when it acts in a governmental capacity. *Fenon v. City of Norfolk*, 203 Va. 551 (1962). If the actions of the municipality are partially proprietary and partially governmental, then the governmental function is the overriding factor, and immunity applies. *Bialk v. City of Hampton*, 242 Va. 56 (1991). The planning and design of a road, to include the choice of materials in its construction, as well as the design of the accompanying system of storm drainage ditches, come about through governmental or discretionary functions and not as a result of proprietary or ministerial action. *Bialk, supra.* It is governmental action because it is done for the common good of all. Another way of putting it is that it is done for the benefit of public health, safety, and welfare, and not as a proprietary function or ministerial act.

In this case the surface water or storm waters flowing in the drainage ditch came over the road shoulders and onto the roadway making it slippery when wet. The design of the roadway and control of storm waters fall into the governmental function of the municipality. The repair or maintenance of the shoulder of the road may fall into the category of ministerial or proprietary action, but when coupled with the governmental function, immunity applies.

There is also a statutory grant of immunity in Section 15.1-31, which as construed by *Continental Casualty Co. v. Town of Blacksburg*, 846 F. Supp. 483 (W.D. Va. 1993), immunizes a municipality from flooding or damage caused by water from a storm drainage system. Assuming that to be accurate, then the resulting or consequential damage and/or condition caused by the water on the public roadway from the storm drainage system is protected by statutory immunity. The same result is reached by concluding, as one must, that the control of storm waters is for the common good, and thus constitutes a governmental function which carries with it the grant of immunity.

Accordingly, the Defendant's Plea of Sovereign Immunity is sustained, and both counts of the Plaintiff's Motion for Judgment are dismissed, with prejudice. The demurrer is moot.