## CIRCUIT COURT OF FAIRFAX COUNTY

Daniel G. Eckelman

v.

Marina Resorts Group, Inc., et al.

November 6, 1997

Case No. (Law) 161092

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's Order of September 5, 1997, which sustained Defendant's Plea in Bar. The issue is whether the newly-discovered evidence, a deed of trust note, renders Defendant, Mr. Emery Boudreau,[1] personally liable for a finder's commission fee on a corporate loan. Defendant has asserted a Plea in Bar on the grounds that an oral contract to answer the debt of another is not enforceable under the Statute of Frauds, Va. Code § 11-2(4). Plaintiff contends that the deed of trust note shows that Mr. and Mrs. Boudreau were co-makers of the Promissory Note securing the corporate loan to Defendant Marina Resorts Group, Inc. Plaintiff contends that this writing takes the oral agreement outside of the Statute of Frauds. Defendant contends that the deed of trust note is evidence of Mr. and Mrs. Boudreau's guarantee of a corporate obligation. However, Defendants argue this document does not personally obligate the Boudreaus to pay a finder's commission fee. The Court, after reviewing Plaintiff's Motion to Reconsider and Defendant's Memorandum in Opposition to Plaintiff's Motion to Reconsider, denies the motion. The Plaintiff's Motion is denied for the reasons that follow.

---

[1] Mr. Boudreau passed away, and the suit has continued against his estate.

*Facts*

Defendant, Emery Boudreau, President and Director of Marina Resorts Group, Inc., contacted Plaintiff, Mr. Eckelman, a commercial loan finder or "factor" to request assistance in locating commercial financing for a project. They agreed that Mr. Eckelman would receive a finder's commission fee for placing the loan. Defendant Boudreau signed a fee agreement on Marina Resorts Group, Inc., stationery agreeing to pay a fee for the services.

Thereafter, Plaintiff Eckelman arranged for Defendant Boudreau and Marina to place a loan with First Capital Services. Defendant Eckelman demanded his finder's fee on the loan. Defendant Boudreau and Marina did not pay the fee. Plaintiff Eckelman filed a Motion for Judgment against Defendant Mr. Boudreau, in his individual capacity, and against Marina Resorts Group, Inc., seeking monetary damages for the unpaid finder's commission fees on the loan. Defendant Boudreau filed a Plea in Bar to Plaintiff's claim based on the Statute of Frauds.

On September 5, 1997, the Court, after hearing evidence, sustained Defendant's Plea in Bar on the grounds that the Plaintiff did not have a writing evidencing that Mr. Boudreau personally agreed to pay the finder's commission fee debt of Marina Resorts, Inc. Va. Code § 11-2(4).

*Plea in Bar*

At the evidentiary hearing on the Defendant's Plea in Bar, the Court considered the letter agreement signed by Mr. Boudreau on corporate stationery and the exhibits attached to the Motion for Judgment.

The February 23, 1995, finder's commission fee agreement is on Marina Resorts Group, Inc., stationery and signed by Mr. Boudreau. Plaintiff's Exhibit 1. The lender's commitment letter states, "Pursuant to our meeting and our conversations regarding your request for funding the Marina Projects, I am pleased to provide a formal Letter of Commitment to fund." Additionally, the letter requires that "A personal guarantee shall be provided by you and your wife ... ." Plaintiff's Exhibit 2. The court held that the documents presented by Plaintiff did not show that Mr. Boudreau was personally obligated for the corporate loan finder's commission fee. The court held that the documents showed that the loan and finder's commission fee agreement was made for the benefit of the corporation, Marina Resorts Group, Inc., and that Mr. Boudreau agreed to personally guarantee the loan. As to the finder's commission fee, the Court found that Mr. Boudreau had not signed a writing evidencing his personal agreement to pay a finder's commission fee.

Therefore, the Court held that the action is barred by the Statute of Frauds, Va. Code § 11-2(4), because a contract to answer for the debt of another must appear in writing.

This case is similar to *Janus v. Sproul*, 250 Va. 90 (1995). In *Janus*, the defendant, an officer of the corporate debtor, wrote plaintiff a letter on corporate letterhead acknowledging that a fee was due. The Supreme Court of Virginia held that the mere fact that the defendant signed the letter in his capacity as an officer of the corporation did not obligate him personally to pay for the corporation's debt. Therefore, in applying *Janus* to this case, Mr. Boudreau's signature on the finder's commission fee agreement on corporate letterhead did not constitute a personal obligation.

The newly-discovered evidence submitted by the Plaintiff is a deed of trust note signed by Mr. and Mrs. Boudreau, Chesapeake Marinas Limited Partnership, Club On Fishing Bay, and Marina Resorts Group, Inc. In considering the effect of this deed of trust note, the Court must weigh the new evidence in conjunction with the other documents previously submitted. The Court finds that this deed of trust note is evidence of Mr. and Mrs. Boudreau's personal guarantee for the corporate loan as required by the lender's commitment. This note does not show that Mr. Boudreau undertook to personally pay the commercial loan finder's commission fee. The Plaintiff's claim is barred by the Statute of Frauds, Va. Code § 11-2(4).

The Court's Order of September 5, 1997, sustaining the Plea in Bar is reaffirmed. The Motion to Reconsider is denied.