# CIRCUIT COURT OF THE CITY OF NORFOLK

Tangie Carter

v.

City of Norfolk

December 4, 2000

Case No. CL00-1300

BY JUDGE CHARLES D. GRIFFITH, JR.

On or about July 17, 1999, the plaintiff was walking along Ballantine Boulevard in the city of Norfolk when she allegedly stepped into a hole and fell. The hole was located in a strip of grass abutting a sidewalk upon which the plaintiff was walking. She subsequently sued the City of Norfolk, and the city filed a special plea in bar on the ground of sovereign immunity. For the following reasons, the city's plea is sustained.

The parties agree that the hole was caused by a leak in a storm water drainage pipe buried beneath the grass. A seam in the pipe came apart, causing a cavern in the earth above, which eventually caved in, resulting in a visible hole at the surface. The city argues that the design and maintenance of the drainage pipe are governmental functions. The city claims that the doctrine of sovereign immunity bars plaintiff's recovery for injuries. "In Virginia, a municipality acts in a dual capacity, the one governmental and the other proprietary. It is immune from liability for negligence in performing or in failing to perform governmental functions. It is not so immune with respect to proprietary functions." *Taylor v. City of Newport News*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973).

With respect to the issue of governmental functions, Va. Code § 15.2-970 provides:

> Any locality may construct a dam, levee, seawall, or other structure or device, or perform dredging operations hereinafter referred to as "works," the purpose of which is to prevent the tidal erosion, flooding or inundation of such locality, or part thereof. The design, maintenance and operation of any such works is hereby declared to be a proper governmental function for a public purpose.

The plain language of the statute provides that the "maintenance" of "structures or devices" used to prevent flooding is a "governmental function." *See id.*

Several courts have determined that drainage pipes constitute "devices" to control flooding under Va. Code § 15.2-970. In *Continental Casualty Co. v. Town of Blacksburg*, 846 F. Supp. 483 (W.D. Va. 1993), the plaintiff sued for negligent maintenance of a storm water drainage system, much like the one at issue in this case. The court held that the system was a "structure" or "device" under § 15.2-970, stating "since Blacksburg's storm drainage system consists of structures, the purpose of which is to prevent flooding or inundation, it comes within the purview of Va. Code § 15.1-31 (the precursor to § 15.2-970)."

Other circuit court cases have held similarly. *See Lee v. Senedecor*, Circuit Court of the City of Norfolk, Martin, J., No. L97-877. In this case, the pipe in question is a "device" "the purpose of which is to prevent . . . flooding. . . ." *See* Va. Code § 15.2-970. Therefore, under the plain language of the applicable statute, the city's use of such pipe is a governmental function.

The question remains how the governmental function of storm drainage intersects with the proprietary function of sidewalk maintenance. It is clear that a municipality may be held liable for negligently maintaining a public sidewalk. *See City of Norfolk v. Hall*, 175 Va. 545. Therefore, if the hole were a defect in the sidewalk, the city would not be shielded by the doctrine of sovereign immunity.

When two functions of a municipality overlap, one being governmental and the other being proprietary, the governmental function prevails to shield the municipality from liability. "In other words, where governmental and proprietary functions coincide, the governmental function is the overriding factor." *See Taylor* at 10, 197 S.E.2d at 210. In *Taylor*, the plaintiff slipped on a sidewalk due to grease spilled by a garbage truck. Although the maintenance of the sidewalk was a proprietary function for which the city could be sued, the collection of garbage was strictly governmental. *See id.* In that case, the court ruled that the governmental function overrode the proprietary function.

The court finds that no defect existed in the sidewalk in this case. Therefore, no proprietary function by the city is involved. Even if, *arguendo*, there were a defect in the sidewalk, the court finds that such defect would have been caused by the leaking storm drainage pipe, thus resulting from a governmental function.

Accordingly, the City of Norfolk's Special Plea in Bar is sustained, and the action is dismissed.