# CIRCUIT COURT OF THE CITY OF ROANOKE

H. C. Supply, Inc.

v.

Anjli, L.L.C.

November 29, 2001

Case No. CL01-520

BY JUDGE ROBERT P. DOHERTY, JR.

In order to buy additional building materials that were sold exclusively by Plaintiff building supply company, Defendant motel owner orally agreed to pay the debt for building materials incurred by his former general contractor. Defendant paid $10,000.00 on the approximate $19,000.00 debt of his former general contractor and paid in full for all new materials he purchased. Defendant now refuses to pay the balance due on the former general contractor's account arguing that the Statute of Frauds bars Plaintiff's recovery. Plaintiff argues that the Statute of Frauds does not apply because the Defendant made a new promise, partially performed his oral agreement, and is perpetrating a fraud upon the Plaintiff. The Court finds in favor of the Defendant.

Although the Court does not believe the Defendant when he claims that no oral agreement existed, the Court notes that the Plaintiff did not suffer anything to its detriment by virtue of this transaction and, therefore, the argument that the oral contract was an original promise fails. See *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 676 (1985). Plaintiff's claim of partial performance and/or equitable estoppel does not take this case out of the Statute of Frauds because such a claim requires that Plaintiff suffer some sort of prejudice or detriment. See *T. v. T.*, 216 Va. 867, 871 (1976), and *Guzy v. Hoban*, 43 Va. Cir. 33 (1997). In addition, the theories of partial performance and equitable estoppel are equitable and not legal remedies.

*Runion v. Helvestine*, 256 Va. 1, 7 (1998). The Plaintiff's argument that the application of the Statute of Frauds would perpetrate a fraud upon the Plaintiff is not entirely correct. It is true that the Defendant tricked the Plaintiff into selling him building materials. Had the Plaintiff suffered a loss of some sort or been prejudiced in some way, Defendant's action would constitute a fraud. No such loss occurred in this case. In fact, the Plaintiff gained $10,000.00 that was paid on the outstanding debt of Defendant's former general contractor. Finally, Plaintiff's contention that the $10,000.00 check and the notations on its face constitute a sufficient writing to take this matter out of the Statute of Frauds is not correct. The check in question does not show on its face the intent to be responsible for any more of the debt than as evidenced by the value of the check. *Janus v. Sproul*, 250 Va. 90, 91 (1995). Accordingly, the Court finds that the Defendant's agreement to answer for the debt of another was not in writing, and recovery is barred by the Statute of Frauds, § 11-2(4), Code of Virginia (1950), as amended.