## CIRCUIT COURT OF THE CITY OF WINCHESTER

James P. Mitcham et al.

v.

City of Winchester

November 20, 2003

Case No. (Law) 03-144

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on November 20, 2003, on the City's Plea of Sovereign Immunity to an action for negligent design and maintenance of the storm water control system in an area of the city. Travis J. Tisinger, Esquire, appeared for the Plaintiffs, and Robert T. Mitchell, Jr., Esquire, appeared for the Defendant.

### I. *Statement of Material Facts*

The following facts are not disputed. The plaintiffs own real property in the City of Winchester. The plaintiffs allege that the City is negligent and that "the City has increased and allowed others to increase the flow of storm, ground, and rain water into the Meadow Branch Section One Subdivision to permit the flow and runoff of said water without adequate sewers and culverts to maintain an adequate flow free from backup and flooding." Motion for Judgment, par. 4.

### II. *Conclusions of Law*

Under the doctrine of sovereign immunity, a municipality is immune from liability for negligence in the exercise of its governmental functions. *Harrell* v. *City of Norfolk*, 265 Va. 500, 578 S.E.2d 756 (2003). The design and operation of a municipal storm drainage system is a governmental function. Virginia Code § 15.2-970, specifically provides:

Any locality may construct a ... structure or device ... hereinafter referred to as "works," the purpose of which is to prevent ... flooding ... of such locality, or part thereof. The design, construction, performance, maintenance, and operation of any of such works is hereby declared to be a proper governmental function for a public purpose.

No person ... shall bring any action ... against any locality because of, or rising out of, the design, maintenance, performance, operation, or existence of such works. . . .

The Courts which have considered this issue have all decided that the design and operation of a municipal storm drainage system is a government function protected by the mantle of sovereign immunity. *See Continental Casualty Co.* v. *Town of Blacksburg*, 846 F. Supp. 483 (W.D. Va. 1993); *Carter* v. *City of Norfolk*, 54 Va. Cir. 195 (2000); and *Brizendine* v. *City of Roanoke*, 43 Va. Cir. 353 (1997).

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Defendant City's Plea of Sovereign Immunity is sustained, and this action is dismissed with prejudice.