# CIRCUIT COURT OF THE CITY OF ROANOKE

Henriette B. Brooks

v.

City of Roanoke

January 28, 2015

Case No. CL13-1531

BY JUDGE DAVID B. CARSON

This matter is before the Court on Defendant's Special Pleas in Bar based upon statutory and common law sovereign immunity. For the reasons that follow, the Court sustains both of Defendant's Pleas in Bar and dismisses Plaintiff's Complaint with prejudice.

*Facts*

On July 23, 2008, Henriette B. Brooks tripped and fell crossing Church Avenue in the City of Roanoke after leaving a Rotary Club meeting. It is alleged that, as Plaintiff stepped from the street onto the curb, she lost her balance and fell, injuring her shoulder. Pursuant to Va. Code § 15.2-209, on December 31, 2008, Plaintiff filed with the City Attorney for the City of Roanoke a Notice of Claim, alleging that:

> The curbing where Ms. Brooks stepped as she left the asphalt street surface had been neglected by the City and was broken and uneven. There was also a drainage pipe that exited into the street where she fell, thereby contributing to the hazardous condition that existed. . . . Accordingly, the City of Roanoke was negligent in fulfilling its proprietary obligation to maintain

the curb at the location described above, and that negligence caused Ms. Brooks to be injured.

See Va. Code Ann. § 15.2-209(A) (West 2014) ("Every claim cognizable against any county, city, or town for negligence shall be forever barred unless the claimant or his agent, attorney, or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred, within six months after such cause of action accrued.").

On April 1, 2010, Plaintiff filed a Complaint against the City of Roanoke in the Roanoke City Circuit Court, which was designated CL10-619. In language nearly identical to that of the Notice of Claim, Plaintiff alleged that the curbing was "broken and uneven" and again asserted that a "drainage pipe . . . exited into the street . . . contributing to the hazardous condition."

Defendant asserted Special Pleas in Bar of both statutory and common law sovereign immunity on January 4, 2013. On January 30, 2013, Judge Clifford R. Weckstein heard oral arguments on the Pleas in Bar and denied them both without prejudice, noting from the bench that "[t]he Court is of the opinion that it is not possible to tell with the degree of certitude required at this stage of the proceedings whether the bar of governmental immunity would apply to the case and, therefore, denies that plea in bar without prejudice to the defendant City's right to renew it at appropriate stages." On February 26, 2013, Plaintiff was granted a nonsuit in the matter.

On July 10, 2013, Plaintiff filed a new Complaint in the Roanoke City Circuit Court that contained identical factual allegations to those of her nonsuited first Complaint. In a Pretrial Scheduling Order entered by Judge Charles N. Dorsey on May 23, 2014, this Court ordered that:

> All pleadings, including any discovery pleadings, such as interrogatories, requests for admissions, and requests for production of documents, and the responses and answers pertaining thereto, previously filed in [CL10-619], shall be considered filed in the present case, and as such, shall be seasonably updated and amended in accordance with the Rules of the Virginia Supreme Court and orders of this Court.

Pretrial Scheduling Order at ¶ II, Brooks v. City of Roanoke, Case No. CL13-1531 (Roanoke City Cir. Ct. May 23, 2014).

On November 4, 2014, Defendant renewed its Special Pleas in Bar, contending that it was entitled to both statutory sovereign immunity, under § 15.2-970 of the Code of Virginia, and common law sovereign immunity. The Court heard oral argument on this matter on November 7, 2014. In that hearing, the Court also heard ore tenus evidence from Philip C. Schirmer, City Engineer for the City of Roanoke, and further admitted various photographs as evidence. The bulk of Mr. Schirmer's testimony concerned

his expert opinion that the curbing and drainage pipe in question were integral parts of the City's vast and interconnected storm water management system. At one point, Mr. Schirmer referenced a "tapping test," by which he ascertained that the drainage pipe cited by Plaintiff was connected to a nearby downspout. Finally, the parties have submitted memoranda of law to articulate their positions on Defendant's Special Pleas in Bar.

## Analysis

### A. *Standard of Review of a Special Plea in Bar*

A Special Plea in Bar is a discrete form of defensive pleading that does not address the merits of the issue; rather, it alleges a single set of facts, such as Statute of Limitation or Statute of Frauds, which, if proven, constitutes an absolute defense to the claim. *See Station # 2, L.L.C. v. Lynch*, 280 Va. 166, 175, 695 S.E.2d 537, 542 (2010); *see e.g., Janus v. Sproul*, 250 Va. 90, 91–92, 458 S.E.2d 300, 301 (1995) (upholding a trial court's judgment sustaining a Plea in Bar on the grounds of Statute of Frauds). The party asserting the plea bears the burden of proof, which may be proven through the presentation of evidence (including *ore tenus* evidence) or through facts identified in the pleadings. *See Hawthorne v. VanMarter*, 279 Va. 566, 577, 692 S.E.2d 226, 233 (2010). One such Special Plea in Bar is the plea of sovereign immunity, which, if proven, "creates a bar to a plaintiff's claim of recovery." *City of Chesapeake v. Cunningham*, 268 Va. 624, 633, 604 S.E.2d 420, 426 (2004) (internal citation omitted); *see generally Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996) ("The defensive plea in bar shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party carries the burden of proof on that issue of fact."); *Campbell v. Johnson*, 203 Va. 43, 47, 122 S.E.2d 907, 909–10 (1961) (quoting Elias Merwin, *The Principles of Equity and Equity Pleading*, § 972, at 559 (1895)) ("Demurrers raise a question of law. Pleas raise a question of fact. The office of a plea is to present a simple issue of fact which operates as a bar to the plaintiff's right of recovery. The fact put in issue by the plea constitutes in itself a complete defense to the bill, or to that part of the bill to which it is pleaded.").

### B. *Common Law Sovereign Immunity*

Defendant argues that it is entitled to common law sovereign immunity in the present matter. In *Messina v. Burden*, the Supreme Court of Virginia famously held that "the doctrine of sovereign immunity is 'alive and well' in Virginia." 228 Va. 301, 307, 321 S.E.2d 657, 660 (1984). Sovereign immunity prevents the state and, in many circumstances, municipalities from being sued in tort without its consent. *See e.g., Messina*, 228 Va. at 308, 321 S.E.2d at 660 (noting that this rule is grounded in several "social

polic[ies]," including the need to "prevent[] citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation," the desire to preserve the public fisc, ensuring the efficient and orderly operation of government, and encouraging government officials to act in the best interest of the state without the threat of being sued). Municipalities are protected by the doctrine of sovereign immunity when they are found to be exercising governmental, but not proprietary, functions. *See City of Chesapeake v. Cunningham,* 268 Va. 624, 634, 604 S.E.2d 420, 426 (2004).

This distinction, between governmental functions which are immune from suit and proprietary functions which are not, was accurately explained in *Gambrell v. City of Norfolk,* in which the Supreme Court of Virginia held that "[a] function is governmental in nature if it is directly related to the general health, safety, and welfare of the citizens. . . . In contrast, a function is proprietary in nature if it involves a privilege and power performed primarily for the benefit of the municipality." 267 Va. 353, 357–58, 593 S.E.2d 246, 249 (2004); *see also Fenon v. Norfolk,* 203 Va. 551, 556, 125 S.E.2d 808, 812 (1962) ("The underlying test is whether the act is for the common good of all without the element of special corporate benefit, or pecuniary profit.). Elucidating this principle by way of example, the Supreme Court of Virginia has held the following to be governmental functions: emergency snow removal, *see Stanfield v. Peregoy,* 245 Va. 339, 340, 429 S.E.2d 11, 11–12 (1993); *Bialk v. City of Hampton,* 242 Va. 56, 57, 405 S.E.2d 619, 620–21 (1991), the exercise of police powers (such as abating a public nuisance), *see Lee v. City of Norfolk,* 281 Va. 423, 439, 706 S.E.2d 330, 338 (2011); *see also Edwards v. City of Portsmouth,* 237 Va. 167, 171, 375 S.E.2d 747, 749 (1989), the design of public streets and the maintenance traffic signals thereon, *see Freeman v. City of Norfolk,* 221 Va. 57, 59–60, 266 S.E.2d 885, 886 (1980), maintaining a police department, *see Hoggard v. City of Richmond,* 172 Va. 145, 148, 200 S.E. 610, 611 (1939); *City of Winchester v. Redmond,* 93 Va. 711, 715–16, 25 S.E. 1001, 1002–03 (1896), and enforcing traffic regulations, *see Colby v. Boyden,* 241 Va. 125, 129–30, 400 S.E.2d 184, 187 (1991). On the other hand, the Court has held that maintaining and caring for roads that are already constructed is a proprietary function. *See City of Norfolk v. Hall,* 175 Va. 545, 552, 9 S.E.2d 356, 359 (1940) (holding that maintaining and caring for a public roadway is a proprietary function).

In the present matter, Defendant argues that the management of storm water, via curbing and pipes, is directly related to the general health, safety, and welfare of the citizens of Roanoke. Defendant contends that, even if the curb serves dual purposes (the governmental function of storm water management and the proprietary function of public right-of-way maintenance), "where governmental and proprietary functions coincide, the governmental function is the overriding factor." 214 Va. 9, 10, 197 S.E.2d

209, 210 (1973) (*per curiam*). Defendant also contends that the pipe in question (which is attached to a nearby downspout) is necessary to prevent flooding of the roadway and walkway, which, in certain weather conditions, could freeze and become hazardous.

In response, Plaintiff likens this matter to those decisions in which courts have found municipal liability for negligent maintenance of public sidewalks. *See, e.g., City of Norfolk v. Hall*, 175 Va. 545, 552, 9 S.E.2d 356, 359 (1940). Plaintiff cites to *Freeman v. City of Norfolk*, in which the Supreme Court of Virginia noted that "in caring for and in maintaining such a street after its completion, the city acts in a proprietary capacity. It has long been well settled in this state that it is the duty of a city to keep and maintain its streets in repair and in a safe condition for travel, free from defects and obstructions." 221 Va. at 59, 266 S.E.2d at 886 (1980) (internal quotations omitted).

Here, the Defendant is entitled to common law sovereign immunity. First, the pipe that Plaintiff asserts "contribut[ed] to the hazardous condition" has not been alleged to have been defective; rather, Plaintiff is merely complaining of its placement. The design of public streets and deciding where to place drainpipes on the same is a governmental function. *See Freeman*, 221 Va. at 59, 266 S.E.2d at 886 (1980). Further, as Mr. Schirmer testified, drainpipes and curbing are necessary for removing standing water from public walkways and roadways, which is necessary to prevent, *inter alia*, flooding and frozen streets. This all seems to be motivated by Defendant's attempt to benefit "the common good of all without the element of special corporate benefit, or pecuniary profit." *Fenon v. Norfolk*, 203 Va. 551, 556, 125 S.E.2d 808, 812 (1962). The most that can be said for Plaintiff's position is that this *could* be an instance where certain governmental functions (*viz.*, design and placement of curbing and drainage pipes) overlaps with certain proprietary functions (*viz.*, the maintenance of curbing). Even if this is true, the governmental function is the overriding factor, and Plaintiff's complaint should be dismissed. *See Taylor v. City of Norfolk*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973) (*per curiam*).

## C. *Statutory Sovereign Immunity and § 15.2-970 of the Code of Virginia*

Although the Court has granted Defendant's Plea in Bar of common law sovereign immunity, it feels to compelled to hold further that, in the alternative, it is granting Defendant's Plea in Bar of statutory sovereign immunity.

The Court prefers the common law sovereign immunity rationale for sustaining Defendant's Plea in Bar, insofar as the common law sovereign immunity argument relies on familiar and well-entrenched rules of law, whereas the statutory argument, while still valid, lacks a discernable limiting principle. The Court agrees that, in the case *sub judice*, the curbing and drainage pipe fall within the ambit of the statute. Whether all municipal curbing and drainage pipes are analogized to levees and seawalls is well beyond the scope of this Opinion; suffice it to say that, in the present matter,

the Court is more than persuaded that the statutory sovereign immunity applies. *Cf. Dole v. United Steelworkers of Am.*, 494 U.S. 26, 36 (1990) ("The traditional canon of construction, *noscitur a sociis*, dictates that 'words grouped in a list should be given related meaning'.") (internal quotations and citations omitted).

Section 15.2-970 of the Code of Virginia states that "Any locality may construct a dam, levee, seawall, *or other structure or device*, or perform dredging operations hereinafter referred to as 'works,' the purpose of which is to prevent the tidal erosion, flooding, or inundation of such locality, or part thereof." Va. Code Ann. § 15.2-970(A) ("The design, construction, performance, maintenance, and operation of any of such works is hereby declared to be a proper governmental function for a public purpose."). This section continues that "No person, association, or political subdivision shall bring any action at law or suit in equity against any locality because of, or arising out of, the design, maintenance, performance, operation, or existence of such works. . . ." Va. Code Ann. § 15.2-970(B).

Defendant contends that the curbing and drainage pipe, which Plaintiff alleges caused her fall, are part of the city's storm water management system. In support of this position, Defendant notes the testimony of Mr. Schirmer, who testified that the gutters, curbs, pipes and similar structures in downtown Roanoke are all part of a widespread storm water management system that carries storm water away from public sidewalks. Defendant's assertion, then, is that the curbing and drainage pipe are some "other structure or device . . . the purpose of which is to prevent the . . . flooding or inundation of such locality, or part thereof," the design, maintenance, performance, operation, or existence of which may not be the basis of a suit. *See* Va. Code Ann. § 15.2-970.

In support of this argument, Defendant cites to several Virginia circuit court opinions. In *Brizendine v. City of Roanoke*, for instance, Judge Doherty construed the statute which preceded Va. Code § 15.2-970 and found the City of Roanoke to be immune from suit in a case where a plaintiff alleged that improper maintenance of a road shoulder contributed to flooding of a road, which in turn caused an automobile accident. *See* 43 Va. Cir. 353, 354 (Roanoke City 1997); *see also Continental Cas. Co. v. Town of Blacksburg*, 846 F. Supp. 483, 485–86 (W.D. Va. 1993) (granting summary judgment for a defendant town as to a negligence claim stemming from alleged negligent maintenance of a storm drain system that caused flooding of a college campus). Similarly, in *Mitcham v. City of Winchester*, the Circuit Court held that the City of Winchester was immune from suit where a plaintiff alleged that the negligent maintenance of a storm drain system flooded their property. 63 Va. Cir. 427, 428 (Winchester 2003).

Most salient for present purposes is the decision in *Carter v. City of Norfolk*, in which a Circuit Court interpreted Va. Code § 15.2-970 and distinguished between storm drains and defective sidewalks. *See* 54 Va. Cir. 195, 197 (Norfolk 2000). In *Carter*, the Plaintiff was injured when she

stepped in a hole in a patch of grass abutting a sidewalk. Both Plaintiff and the City of Norfolk agreed that a storm pipe beneath the sidewalk leaked and caused the hole. *Id.* The Court sustained the City's plea in bar based upon the language in Va. Code § 15.2-970, writing that:

> The plain language of the statute provides that the "maintenance" of "structures or devices" used to prevent flooding is a "governmental function.". . . It is clear that a municipality may be held liable for negligently maintaining a public sidewalk. . . . Therefore, if the hole were a defect in the sidewalk, the city would not be shielded by the doctrine of sovereign immunity. . . . The court finds that no defect existed in the sidewalk in this case.

54 Va. Cir. at 196–97 (citation omitted).

Thus, according to the City of Roanoke, because Plaintiff is alleging the negligent maintenance of a curb and drainage pipe, two items necessary for the prevention of flooding, the statutory sovereign immunity of Va. Code § 15.2-970 applies to bar Plaintiff's claim.

Plaintiff attempts to distinguish the circuit court opinions cited by Defendant and notes that, in both the *Carter* and *Brizendine* decisions, neither "of these instances involved locations over which the public normally traversed." Memorandum in Opposition to Special Pleas in Bar, Brooks v. City of Roanoke, CL13-1531 (Roanoke City Cir. Ct. Jan. 5, 2015); *see Carter v. City of Norfolk*, 54 Va. Cir. 195, 197 (Norfolk 2000); *Brizendine v. City of Roanoke*, 43 Va. Cir. 353, 354 (Roanoke City 1997). Furthermore, Plaintiff argues that it strains the language of the statutory language to argue that the installation of a downspout to move water constitutes a construction to prevent inundation.

The Court is persuaded that the drainage pipe and curbing in question here fall within the "other structure or device" language of the statute. The *ore tenus* evidence of Mr. Schirmer was that the City of Roanoke is full of pipes and curbing that channel in certain directions to prevent both flooding and the potentially dangerous flow of untrammeled rain water. The purpose of the pipe and curbing is clearly to "prevent the . . . flooding or inundation of [the City], or part thereof." Va. Code Ann. § 15.2-970(A). Defendant has put forward sufficient evidence to meet its burden and, therefore, is entitled to sovereign immunity under § 15.2-970 of the Code in addition to common law sovereign immunity.

## Conclusion

For the above reasons, the Court is granting both of Defendant's Pleas in Bar on the bases of common law sovereign immunity and statutory sovereign immunity pursuant to § 15.2-970 of the Code of Virginia. Plaintiff's Complaint is, therefore, dismissed with prejudice.