EARL F. KING

V.

BONDURANT DEVELOPMENT CORPORATION

Record No. 820361.

April 27, 1984.

Present: All the Justices.

*Jeffrey H. Krasnow* for appellant.
*John B. Spiers, Jr. (Spiers, Spiers & Mink*, on brief), for appellee.

PER CURIAM.

The sole issue on appeal in this slip-and-fall case is whether the trial court erred in finding the plaintiff guilty of contributory negligence as a matter of law, based upon his pleadings and admissions in answers to written interrogatories.

Earl F. King sued Bondurant Development Corporation for personal injuries sustained as a result of a fall on a snow-and-ice-covered common walkway leading into a building owned by Bondurant in Radford. He alleged that he was employed as a janitor in the building; that a snowstorm on February 19, 1979, had resulted in an accumulation of snow and ice on the walkway "making walking thereon extremely hazardous;" that Bondurant controlled the walkway and had a duty to remove the snow and ice within a reasonable time, which was breached; and that this breach of duty caused his fall on the icy walkway on the day following the storm.

Bondurant propounded interrogatories to King pursuant to Rule 4:8. In his answers filed under oath, King stated that he had entered the building with his wife to perform janitorial services on the morning of February 20; that he left about two minutes after entering in order to return to his vehicle, retracing his steps over the entrance walkway by the same route; that he had noted "some snow and ice accumulation" when he entered; that the walk was in the same condition when he left, and that when he stepped down off the stoop, he "slipped and fell on accumulated ice."

Bondurant filed a motion for summary judgment, contending that "based upon the answers to interrogatories, the plaintiff convicts himself of contributory negligence irrespective of the issue of negligence of the undersigned." After consideration of counsel's memoranda, the court granted the motion and entered summary judgment for Bondurant. The final order based the ruling upon "contributory negligence and/or assumption of risk," but Bondurant's motion was grounded only upon contributory negligence, and he specifically waived the defense of assumption of risk in oral argument on appeal. Because the trial court never reached the issue of the defendant's primary negligence, the question on appeal is narrow. Accordingly, we are not concerned here with King's status as a visitor to Bondurant's premises, or whether Bondurant owed him a duty, in the circumstances, to remove nat-

ural accumulations of snow and ice. *Cf. Tate v. Rice*, 227 Va. 341, 315 S.E.2d 385 (1984) (this day decided).

Although we are limited to the issue of contributory negligence, we cannot find sufficient support in the record to resolve it as a matter of law. King's pleading alleges that the accumulation of snow and ice made "walking thereon extremely hazardous," but this is a conclusion reached after he had fallen. He stopped short of stating that he had perceived and appreciated the danger before embarking upon the walkway, and he does not admit facts which would necessarily render the danger obvious or patent to a person exercising reasonable care for his own safety. He makes no admission of facts constituting failure to use ordinary care for his own protection. *See Tate, supra.* In order to establish the defense of contributory negligence as a matter of law, Bondurant would be required to establish the foregoing matters as facts to the degree that reasonable men should not differ in their opinions as to the reasonable inferences and the proper conclusions to be drawn from the evidence. *Phillips v. Stewart*, 207 Va. 214, 217, 148 S.E.2d 784, 786 (1966).

King's admissions in response to interrogatories show only that "some snow and ice accumulation" was visible on the walk when he entered the building, that he traversed it successfully, that its condition was unchanged at the time of his exit soon thereafter, but that he fell nevertheless. In these circumstances, the issue of contributory negligence is a question of fact for the jury. *Kings Markets v. Yeatts*, 226 Va. 174, 307 S.E.2d 249 (1983).

Finding the entry of summary judgment erroneous, we will reverse the judgment and remand the case for further proceedings.

*Reversed and remanded.*