Present:  All the Justices

J. WARREN TOMLIN, ET AL.

                  OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.

v.  Record No. 951427              April 19, 1996

PATSYE D. McKENZIE, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
William H. Oast, Jr., Judge

In this appeal, we consider whether the trial court erred in sustaining a plea in bar asserting that a clinical social worker conducting court-referred family therapy was immune from liability for various claims of malpractice and defamation.

J. Warren Tomlin, individually and as next friend for his minor daughter, Alexandria A. Tomlin, and his wife, Carolyn D. Hope-Tomlin (collectively Tomlin) filed a three-count motion for judgment against Patsye D. McKenzie (McKenzie), a licensed clinical social worker, and Family Marital Guidance Clinic, now F.M.G.C., P.C., a professional corporation in which McKenzie is the principal participant and sole shareholder.  The motion for judgment alleged that McKenzie provided family therapy to Mr. Tomlin, Alexandria and Darlene K. Giffin (Giffin), Mr. Tomlin's former wife and Alexandria's mother, pursuant to an order of referral by the Juvenile and Domestic Relations District Court of the City of Chesapeake arising out of divorce and custody proceedings.  The motion for judgment further alleged that in the course of providing that therapy, McKenzie intentionally and maliciously committed various acts amounting to malpractice and defamation. The motion for judgment sought compensatory damages of $11,000,000 and punitive damages of $350,000.

The defendants filed a plea in bar seeking dismissal of the suit on the ground that McKenzie should be afforded immunity under common law and statutory theories.  McKenzie asserted that common law sovereign immunity protects her from civil suits for actions performed in her capacity as a court-appointed officer, "similar to a Commonwealth's attorney or judge."  McKenzie further asserted that pursuant to Code § 63.1-248.5 she is "absolutely immune for her participation in [the] judicial proceeding regarding Alexandria Tomlin."

No evidence was taken at the subsequent hearing on the plea.  The trial court dismissed the motion for judgment "upon hearing argument of counsel and reviewing the papers filed herein, and for good cause shown."  We awarded Tomlin an appeal and, for the following reasons, we will reverse the judgment.

Our resolution of the issue before us is guided by well established principles.  The defensive plea in bar shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery.  The moving party carries the burden of proof on that issue of fact.  See Campbell v. Johnson, 203 Va. 43, 47, 122 S.E.2d 907, 909 (1961).  Where no evidence is taken in support of the plea, the trial court, and the appellate court upon review, must rely solely upon the pleadings in resolving the issue presented.  See Weichert Company of Va., Inc. v. First Commercial Bank, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993).  When considering the pleadings, "the facts stated in the plaintiffs' motion for judgment [are] deemed true."  Glascock v. Laserna, 247 Va. 108,

109, 439 S.E.2d 380, 380 (1994).

Applying these principles, we initially address the immunity granted by Code § 63.1-248.5. That Code section provides:

Any person making a report pursuant to Code § 63.1-248.3, a complaint pursuant to § 63.1-248.4, or who takes a child into custody pursuant to § 63.1-248.9, or who participates in a judicial proceeding resulting therefrom shall be immune from any civil or criminal liability in connection therewith, <u>unless it is proven that such person acted in bad faith or with malicious intention</u>. [Emphasis added.]

Although the plea in bar specifically asserts that under this section "McKenzie is absolutely immune for her participation in [the] judicial proceeding regarding Alexandria," the plain language of the section refutes that assertion of absolute immunity. In any event, on appeal McKenzie now asserts that this section is "irrelevant to the issue now before the Court" because her appointment was not controlled by the statutes referenced in this section. We need not resolve that contention. Even if we were to accept McKenzie's belated assertion that Code § 63.1-248.5 is not applicable to her circumstances, we would nonetheless find that the allegations in the motion for judgment, accepted as true for purposes of resolving the plea in bar, would defeat McKenzie's other claims of immunity as well.

The issue of fact, as expressed in her appellate brief, upon which McKenzie apparently relies as a bar to the suit is that "[a]ll of the acts of which Tomlin complains were performed by McKenzie in her capacity as an agent of the Court." This reliance is misplaced for two reasons. First, where sovereign immunity is claimed by an agent of the state, rather than by the

state as an entity, it will not be extended to acts which constitute a wanton and intentional deviation from the duties the agent has been assigned to undertake. See James v. Jane, 221 Va. 43, 53, 267 S.E.2d 108, 113 (1980); see also Elder v. Holland, 208 Va. 15, 19-20, 155 S.E.2d 369, 372-73 (1967). Accordingly, accepting as true the allegations in the first two counts of the motion for judgment that McKenzie conspired with Giffin to violate court orders and to interfere with Mr. Tomlin's visitation with his child, and engaged in other intentional and wanton misconduct, we think the trial court erred in applying sovereign immunity on this state of the record.

Second, and more importantly, the motion for judgment alleges acts of professional malpractice and defamation which, if accepted as true for purposes of the plea in bar and if ultimately proven at trial, are entirely inconsistent with the proper conduct of a family therapy practitioner. Such conduct would be no less unacceptable, and perhaps even more egregious, if one were subjected to it under the compulsion of a court-ordered referral. Conduct outside the scope of the employment is not protected by sovereign immunity. See Messina v. Burden, 228 Va. 301, 311, 321 S.E.2d 657, 662 (1984). Similarly, conduct outside the scope of a court-ordered referral has no valid claim to sovereign immunity.

In short, because McKenzie argued her plea in bar without presenting evidence, the trial court was required to accept as true the allegations of the motion for judgment. Those allegations concerned malicious, intentional tortious acts

outside the scope of McKenzie's court-appointed role and, therefore, the trial court should have denied the plea in bar. Accordingly, we will reverse the trial court's dismissal order and remand for further proceedings.

<u>Reversed and remanded</u>.