**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT SHVERN; RYAN WHELAN;
TWO RADICAL TECHNOLOGIES,
INCORPORATED,
<u>Plaintiffs-Appellees,</u>

v.

DONALD DESROSIERS; CYNTHIA
TRAEGER; A. JEFFERSON OFFUTT,
Doctor; ANNE MARCHANT, Doctor,                                      <u>No. 99-2159</u>
<u>Defendants-Appellants,</u>

and

GEORGE MASON UNIVERSITY; ALAN
MARTEN, Doctor; MCKINLEY
BOWMAN, JR.; GEORGE MASON
UNIVERSITY, Police Department;
PETER DENNING, Doctor; JOHN
HANKS,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-98-1064-A)

Argued: September 27, 2000

Decided: November 22, 2000

Before WILKINSON, Chief Judge, and NIEMEYER and
LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Eugene Thro, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Newport News, Virginia, for Appellants. Chanda Lynn Kinsey, KINSEY, LYNCH & FILIPOUR, Fairfax, Virginia, for Appellees. **ON BRIEF:** Mark L. Earley, Attorney General of Virginia, Ronald C. Forehand, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Newport News, Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1997, Robert Shvern and Ryan Whelan were charged with various state law computer crimes involving the George Mason University computer system. The charges were based largely on the investigative efforts of Donald Desrosiers, the systems manager for the School of Information Technology. Ultimately all charges against Shvern and Whelan were dismissed for lack of evidence. Following the arrests, however, Desrosiers and the other defendants allegedly made defamatory statements about Shvern and Whelan.

Shvern and Whelan filed suit in federal court, alleging numerous state and federal claims. The district court refused the defendants' request to certify to the Virginia Supreme Court the question of whether sovereign immunity barred these contentions. The district court also held that neither common law sovereign immunity nor the Virginia Tort Claims Act (VTCA), Va. Code Ann. § 8.01-195.3

2

(Michie 2000), barred this suit. Desrosiers and the other defendants appeal.

The defendants ask this court to certify to the Virginia Supreme Court the question of whether sovereign immunity bars a suit against a state employee accused of committing an intentional tort while participating in an administrative or judicial proceeding. We decline to do so because Virginia case law is clear on this point: state employees are not entitled to the protection of sovereign immunity when accused of an intentional tort. See Tomlin v. McKenzie, 468 S.E.2d 882, 884 (Va. 1996); Fox v. Deese, 362 S.E.2d 699, 706 (Va. 1987); Elder v. Holland, 155 S.E.2d 369, 372-73 (Va. 1967). See also Coppage v. Mann, 906 F. Supp. 1025 (E.D. Va. 1995). Certification exists to enable federal courts to ascertain unsettled state law. See Boyter v. Comm'r of Internal Revenue Serv., 668 F.2d 1382, 1385 n.5 (4th Cir. 1981). This device should not be deployed to request state courts to modify state law which is already clear.

In the alternative, the defendants claim the district court erred in ruling that under Virginia law, sovereign immunity does not bar the plaintiffs' intentional tort claims. Specifically, they argue that clause six of the VTCA, concerning immunity for acts taken during the "institution or prosecution of any judicial or administrative proceeding," bars the instant suit. Va. Code Ann. § 8.01-195.3(6).

The district court concluded that this argument failed because the defendants were accused of intentional torts committed outside the scope of employment. State employees are not immunized for acts constituting gross negligence or intentional torts. See Coppage, 906 F. Supp. at 1025; Burnham v. West, 681 F. Supp. 1169, 1172 (E.D. Va. 1988); Nat'l R.R. v. Catlett Volunteer Fire Co., Inc., 404 S.E.2d 216, 219 n.2 (Va. 1991). The district court correctly concluded that the complaint alleged intentional acts, and that if these allegations were proven, Desrosiers and the other defendants would not be entitled to sovereign immunity.

Moreover, individual state employees are not immunized for acts taken outside the scope of employment. See Messina v. Burden, 321 S.E.2d 657, 661 (Va. 1984); Burnham, 681 F. Supp. at 1172; Fox, 362 S.E.2d at 699. The district court held that the intentional acts alleged

3

by the plaintiffs all involved activities that were outside the scope of the defendants' employment. According to the district court, the defendants were responsible for investigating threats to and maintaining the integrity of GMU's computer network. As the district court noted, the defendants' official duties did not require them to speak to the press or other third parties. Thus, the allegedly defamatory statements made by Desrosiers and Offutt to the press, by Marchant to her ethics class, and by Traeger to a representative of On Call Paging, Inc., were all actions outside the scope of the defendants' employment. Based on this conclusion, the district court held that the defendants' alleged actions were not a part of a judicial or administrative proceeding and therefore were outside the scope of the sovereign immunity defense.

We have reviewed the submissions of the parties and have heard oral argument. Finding no error, we affirm the judgment.

<u>AFFIRMED</u>

4