## CIRCUIT COURT OF CHESTERFIELD COUNTY

Jeffrey A. McKnight

v.

Commonwealth of Virginia,
Department of Transportation

August 3, 2001

Case No. CL01-210

BY JUDGE CLEO E. POWELL

This matter came to be heard on the defendant's Plea in Bar. Oral arguments were held on June 8, 2001. The Court has considered those arguments, as well as the memoranda filed prior thereto, and now rules as follows.

### I. *Standard*

As this matter comes before the Court on a plea in bar, the standard to be applied in evaluating the plea should be reviewed:

> The defensive plea in bar shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party carries the burden of proof on that issue of fact. Where no evidence is taken in support of the plea, the trial court . . . must rely solely upon the pleadings in resolving the issue presented. When considering the pleadings, the facts stated in the plaintiff's motion for judgment [are] deemed true.

*Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882 (1996) (citations omitted).

In the case at bar, the defendant has made a special appearance by way of the plea in bar to object to this Court's jurisdiction. As the moving party, the defendant has the burden of proving that fact which would bar the plaintiff's right of recovery. In this case, the defendant has the burden of proving the plaintiff's status as an employee of the Commonwealth at the time of his accident. If he was such an employee, and not an independent contractor as the plaintiff has asserted, then his only source of relief lies with the Workers' Compensation Commission and not with this Court and a tort claim. The defendant did not present any evidence at the hearing but did attach a copy of the Virginia Department of Transportation Asbestos Inspection Procedures to its memorandum in support of the plea in bar. These procedures were detailed instructions to be followed by the asbestos inspector, in this case the plaintiff, and constituted the only evidence presented to the Court in support of the plea in bar. Therefore, the Court's decision is based upon the following: the pleadings filed by the plaintiff, which are deemed to be true to the extent that they are left uncontradicted by the defendant's evidence; the pleadings of the defendant; the memoranda filed by both sides prior to the hearing; and the arguments made by counsel at the hearing.[1]

## II. *The Plaintiff's Status at the Time of the Accident*

The sole issue to be determined at this time by this court is whether it has jurisdiction to hear the plaintiff's suit. The defendant has asserted that the plaintiff may only seek redress from the Workers' Compensation Commission because, at the time of the accident of which he complains, he was a statutory employee of the Commonwealth and therefore is barred from bringing a suit of the nature presently instituted. The plaintiff, conversely, maintains that he was not a statutory employee, but rather an independent contractor, and therefore not covered by the Workers' Compensation Act. Because this Court does not have jurisdiction to decide matters which fall under the Workers' Compensation Act, the plaintiff's true status under the law at the time of the accident must be determined.

No definite rule has been established to ascertain whether the relationship with the principal is that of employee or independent

---

[1] Subsequent to the hearing, both counsel continued their arguments through letters to the Court. While the Court has read these letters, the information and arguments contained therein were not considered in reaching this decision. Counsel had ample opportunity to raise these issues prior to and at the hearing, and neither side moved the Court for leave to further brief any new matters.

contractor. It must be determined from the facts of the particular case in the light of well settled principles. While several tests are applied to make the determination, the final test is the right of control. . . . The power or right of control is the most significant factor in determining the character of the relationship, and the most significant inquiry is whether the power or right to control the means and methods by which the result is to be accomplished has been reserved.

*County of Spotsylvania v. Walker*, 25 Va. App. 224, 229-30, 487 S.E.2d 274 (1997) (citations omitted). Specifically:

[i]f under the contract the party for whom the work is being done may prescribe not only what the result shall be, but also direct the means and methods by which the other shall do the work, the former is an employer, and the latter is an employee. But if the former may specify the result only, and the latter may adopt such means and methods as he chooses to accomplish that result, then the latter is not an employee, but an independent contractor.

*Id.*, at 230 (citation omitted).

The defendant argues that the Department of Transportation retained significant control over the details of the project on which the plaintiff was working, such that it satisfied the "right of control" factor and thus the plaintiff was an employee and not an independent contractor. To support this, the defendant directed the Court's attention to the Department's Asbestos Inspection Procedures, appended to its memorandum. These procedures outline detailed requirements which must be followed by the asbestos inspector, including the number and size of samples to be taken of suspect materials, as well as safety measures to be observed. However, despite their specificity, the Procedures do not support the defendant's position in that they do not evidence the degree of control necessary to create an employer-employee relationship between the defendant and the plaintiff.

In the *Walker* case cited earlier, the Virginia Court of Appeals reversed a decision of the Workers' Compensation Commission, holding that the true test of "control" in determining the relationship between a principal and a worker is whether the principal retains control "over the means and methods" by which the worker is to perform his duties:

There is no evidence that the County directed or controlled how services were to be performed. No evidence shows that the County

could direct, for example, how providers were to accomplish particular tasks, a particular order or manner of accomplishing tasks, or the tools or instruments, if any, used to accomplish a task. To the contrary, the evidence shows that the County had no day-to-day supervisory responsibility. . . .

*Id.*, at 232.

Because this "right of control . . . over the means and methods by which [the worker] performed" under the contract was lacking, the Court found that the worker was not subject to sufficient control by the principal and was thus an independent contractor ineligible for relief under the Workers' Compensation Act.

The same is true in the instant case. There is no evidence that the Department of Transportation had any "day-to-day" supervisory responsibility, nor that it retained the right to control the means and methods by which the plaintiff performed his duties under the contract. In fact, according to the Invitation for Bids and Contract Provisions provided to the Court by the Plaintiff, the contractor, and not the Department of Transportation was responsible for day-to-day supervision, even having "the authority to correct or stop any job activities" performed improperly, although he did not have "authority to change the basic contract specifications." See Plaintiff's exhibit 2, p. 9. Furthermore, the contractor was required to "furnish all labor, materials, equipment, and insurance necessary" to perform his duties under the contract, a requirement indicating that the Department did not retain authority to control the means and methods by which the contractor was to do the work; such decisions were clearly left to his discretion. *Id.*, at 10.

Because the provisions of the contract, albeit specific and detailed, dictated only the end results to be obtained and not the particular methods by which those results were to be reached, the contract merely addressed "the parameters of the . . . relationship" and evidenced insufficient control over the means and methods to be used to support the defendant's claim that the plaintiff was an employee. Under the law of the Commonwealth, the plaintiff was an independent contractor at the time of his accident. The analysis does not stop here, however.

### III. *"Statutory Employee"*

Under the Workers' Compensation Act, a party who is otherwise an independent contractor may yet be returned to the status of "employee" (oftentimes referred to as a "statutory employee") if, during the time of his

relationship with the principal, he is engaged in the latter's usual "trade, business, or occupation." Code of Virginia § 65.2-101 ("Employee" definition 1(a)). Additionally, if the principal is a governmental entity, such as is the case here, the courts "have consistently considered the laws under which they were created and under which they function[] in determining [the governmental entity's] trade, business, or occupation." *Ford v. City of Richmond*, 239 Va. 664, 667, 391 S.E.2d 270 (1990) (quoting *Henderson v. Central Tel. Co.*, 233 Va. 377, 383-84, 355 S.E.2d 596 (1987)) (omissions not in *Ford.*). The defendant urges the Court to find that the plaintiff was engaged in the trade, business, or occupation of the Department of Transportation at the time of his accident and that he was thus a "statutory employee" of the Department barred from any cause of action save a claim under the Workers' Compensation Act. To do so, the Court must first determine that the activity engaged in by the plaintiff, an asbestos inspection of the roof of a storage shed owned by the Department, constituted the usual trade, business, or occupation of the Department of Transportation under the authority granted to it by the General Assembly.

To support its argument, the defendant cites the *Ford* case, *Roberts v. City of Alexandria*, 246 Va. 17, 431 S.E.2d 275 (1993), and *Williams v. E. T. Gresham Co.*, 201 Va. 457, 111 S.E.2d 498 (1959), all of which address the status of a worker employed by a government entity, and whether the work he performed was within the authority granted to that entity.

In *Ford*, the plaintiff's decedent was killed while working under contract to replace the roof of a reservoir owned and maintained by the city. The Supreme Court of Virginia ruled that replacing the roof of the reservoir constituted maintenance of the reservoir and therefore was within the "trade, business, or occupation" of the city as owner of the waterworks. The decedent, the Court ruled, was a statutory employee of the city by virtue of that fact.

In *Roberts*, the Supreme Court held that a nurse hired to assist in providing medical care for inmates of a city jail was a statutory employee of the city because the city was empowered by statute to provide such services. Such a grant of power brings providing medical services within the "trade, business, or occupation" of the city as contemplated by the Workers' Compensation Act.

In *Williams*, the plaintiff was injured as he worked, under contract, at replacing pilings at a slip maintained by the Chesapeake Bay Ferry District. The district was a political subdivision empowered by statute to run and maintain ferries in the Bay. The Supreme Court in that case held that the plaintiff was a statutory employee of the political entity because he was

engaged in the business of the Ferry District as set forth by its statutory grant of power.

In all three of these cases, the test is clear: an otherwise independent contractor is deemed an employee of a political entity if the work he is doing is part of the "trade, business, or occupation" of that political entity, and one looks to the Act of the General Assembly which grants power and imposes responsibilities on that governmental entity to determine just what its "trade, business, or occupation" is. In each of the above cases, the activity engaged in by the plaintiff was either specifically included in the statutory grant of power or the nexus between the responsibilities of the governmental entity and the activity of the plaintiff was so close as to constitute an ancillary activity implicit in the Assembly's grant. For instance, replacing the roof of the reservoir in *Ford* was clearly part of maintaining the reservoir, which the city was empowered to do. Likewise, in *Williams*, repairing pilings for a ferry slip constituted operating and maintaining a ferry service. In either situation, without the work at issue, the governmental entity would not have been able to fulfil its statutory obligations. Such is not the case here.[2] A review of the Act establishing the Department of Transportation shows that the authority to conduct asbestos inspections is not specifically granted to the Department. However, the defendant argues that the asbestos inspection was necessary for the maintenance of the storage shed and that the storage shed, in turn, is necessary for the maintenance of certain de-icing chemicals stored there, which chemicals are necessary for the maintenance of the roads and highways of the Commonwealth, the authority for which is specifically granted by the General Assembly. The Court declines to make such a stretch and finds that conducting asbestos inspections is not within the Department of Transportation's usual trade, business, or occupation, even if the building being inspected is owned by the Department.

---

[2]  The defendant also contends that if a person in its regular employ is certified to perform the work contracted for, then that, in and of itself, is proof that the work contracted for is part of its usual trade, business, or occupation. Specifically, the defendant asserted in oral arguments that the Department employs people who are certified to conduct asbestos inspections and therefore such inspections are within the usual trade, etc., of the Department. While this argument is intriguing, the defendant presented no evidence to support it and thus has not carried its burden of proof.

## IV. *Conclusion*

For the reasons stated above, this Court finds that at the time of the accident complained of, the plaintiff was an independent contractor and not a statutory employee of the defendant. The Workers' Compensation Act does not obtain here and jurisdiction is proper with this Court. The defendant's Plea in Bar is overruled.