# CIRCUIT COURT OF THE CITY OF ROANOKE

Lynchburg Communications
Systems, Inc., et al.

v.

Ohio State Cellular
Phone Co., Inc.

January 9, 2004

Case No. CL02-624

BY JUDGE CHARLES N. DORSEY

The Court has reviewed the submissions by the parties regarding the second and third special pleas, third demurrer, and motion for summary judgment. The Court now overrules the special pleas, demurrer, and motion for summary judgment.

Plaintiffs allege that Ohio State Cellular Phone Company, Inc., ("OSC") intentionally and knowingly misrepresented or deliberately omitted material facts regarding a sublease between OSC and American Electric Power ("AEP"), which became part of a settlement agreement, reached after mediation between the Plaintiffs and OSC.

Defendant, OSC, asserts by special plea that the Plaintiffs' claims are barred because the Plaintiffs were in possession of the sublease agreement and were fully apprised of its terms at the time the settlement agreement was entered into. Alternatively, OSC asserts that the Plaintiffs received and deposited checks delivered by OSC, satisfying its financial obligations under the settlement agreement. OSC also demurs to the fraud claim on the ground that it is legally insufficient. Finally, Defendant asks this Court to grant summary judgment.

## I. *Special Pleas in Bar*

A "defensive plea in bar shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). Generally, "upon agreement of the parties, that issue may be submitted, with an identified body of facts, for the trial court's determination." *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992) (citing *Stanardsville Vol. Fire Co. v. Berry*, 229 Va. 578, 586, 331 S.E.2d 466, 471 (1985)). The burden of proof is placed on the movant. *Tomlin*, 251 Va. at 480, 468 S.E.2d at 884.

Here, although the Defendant has presented facts in support of the plea, the Plaintiffs have contested those facts. When considering a special plea, this Circuit has held that a "trial court must accept as true the facts alleged in the motion for judgment and all reasonable inferences to be drawn therefrom, and must give the plaintiff the benefit of inferences to be drawn from the stipulated documents, unless those inferences would be strained, forced, or contrary to reason. . . ." *Robison v. McLeod & Co.*, 59 Va. Cir. 154, 155 (City of Roanoke 2002). The Supreme Court of Virginia has also held on numerous occasions that "we disapprove the grant of motions which 'short-circuit' the legal process thereby depriving a litigant of his day in court and depriving this Court of an opportunity to review a thoroughly developed record on appeal." *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven, Ltd. Partnership*, 253 Va. 93, 95, 480 S.E.2d 471, 472 (1997) (citations omitted).

The Court finds that the facts as presented are such that the Defendant has not met its burden, and therefore, the pleas in bar are overruled.

## II. *Demurrer*

The purpose of a demurrer is only to test the legal sufficiency of the pleadings. "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleadings." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)). All material facts pleaded, implied, or which may be inferred from the pleadings are to be taken as true for the purposes of a demurrer. "Thus the sole question to be decided by the trial court is whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). All facts and inferences are viewed in the light most favorable to the

plaintiff. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996).

However, the plaintiff is not entitled to the assumption that his legal theories are correct. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). Furthermore, when fraud is asserted, it must be specifically and distinctly stated to survive demurrer. *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). Along with being specifically pleaded, allegations of actual fraud must be accompanied by supporting facts. *See Potts v. Mathieson Alkali Works*, 165 Va. 196, 181 S.E. 521 (1935). Concealment may also constitute fraud, but there must be "evidence of a knowing and a deliberate decision not to disclose a material fact." *Norris v. Mitchell*, 255 Va. 235, 241, 495 S.E.2d 809, 812 (1998). Finally, the party attempting to establish fraud must demonstrate that they were justified in relying upon the misrepresentation. *Metrocall of Del., Inc. v. Continental Cellular Corp.*, 246 Va. 365, 374, 437 S.E.2d 189, 194 (1993).

The Plaintiffs have sufficiently stated a claim for fraud. Specifically, Plaintiffs asserted that the Defendant "intentionally and knowingly misrepresented material facts to Plaintiffs, or deliberately omitted and withheld them … inducing Plaintiffs to provide valuable consideration in exchange for consideration of little or questionable value." Furthermore, the "Plaintiffs relied on said misrepresentations and deliberate omissions … which resulted in Plaintiffs sustaining substantial economic damage." (Mot. for J. at ¶¶ 23-24.)

In support of these legal contentions, the Plaintiffs assert OSC informed the Plaintiffs that the sublease was fully binding, the term was ten years at the rate of $700 per month, and that there was no early termination clause. The Plaintiffs assert that they relied upon these statements while entering into the settlement agreement to their detriment. Additionally, Plaintiffs allege that OSC knew at the time of making them that these statements were false and that OSC made these false statements intentionally to induce the Plaintiffs to give up valuable consideration.

Taking these factual contentions and any reasonable inferences as true, the Court finds the Plaintiffs' pleadings legally sufficient. The demurrer to the claim of fraud is overruled.

### III. *Summary Judgment*

A motion for summary judgment shall not be granted "if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:18. When considering a summary judgment motion, all factual inferences must be viewed in the light most favorable to the non-moving party, unless such "inferences are strained,

forced, or contrary to reason." *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993) (quoting *Bloodworth v. Ellis*, 221 Va. 18, 23, 267 S.E.2d 96, 99 (1980)). Summary judgment is awarded when the facts are such that "reasonable men should not differ in their opinions as to the reasonable inferences and the proper conclusions to be drawn from the evidence." *King v. Bondurant Dev. Corp.*, 227 Va. 206, 208, 315 S.E.2d 390, 391 (1984) (citing *Phillips v. Stewart*, 207 Va. 214, 217, 148 S.E.2d 784, 786 (1966)); *see Government Employees Ins. Co. v. Gallop*, 224 Va. 720, 724-25, 299 S.E.2d 525, 527 (1983).

Based upon the contradictory submissions by the parties, this Court finds that it cannot grant a motion for summary judgment. This Court will not short-circuit litigation where proper grounds have been pleaded, and where the facts are such that reasonable men could differ. Hence, the motion for summary judgment is denied.