## CIRCUIT COURT OF FAIRFAX COUNTY

Richard Albert Hanscom, Jr.

v.

Edwin Antonio Orellana Bernal

March 31, 2011

Case No. CL-2010-17425

By Judge David S. Schell

This matter is before the Court for consideration of Defendant's Plea in Bar. The Court has reviewed the Plea in Bar, the argument of counsel, the argument of the plaintiff, *pro se*, and the Complaint and Prayer for a Jury Trial. After careful consideration, the Court is prepared to rule in this matter.

This case arises from an automobile accident on December 13, 2008, in which the plaintiff allegedly suffered personal injuries. The plaintiff filed his Complaint and Prayer for Jury Trial on December 10, 2010, alleging that the collision was caused by the recklessness, carelessness, and negligence of the defendant and driver of the defendant's vehicle. The driver of the vehicle was not named as a defendant, but the owner of the vehicle was named as the sole defendant.

This matter came before the Court on March 11, 2011, upon the Plea in Bar of the defendant, Edwin Antonio Orellana Bernal, arguing that the plaintiff has sued the wrong person, *i.e.*, the owner of the subject vehicle but not the driver of the subject vehicle. After hearing the oral argument of the defendant, by counsel, and the plaintiff, *pro se*, the Court took the matter under advisement.

Upon further reflection, the Court is of the opinion that the Plea in Bar must be overruled.

A plea in bar "shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party carries the burden of proof on that issue of fact." *Tomlin v. McKenzie*, 251 Va. 478, 479, 468 S.E.2d 882 (1996).

The basis of the Court's ruling revolves around paragraph 7 of the Complaint and Prayer for Jury Trial. That paragraph provides that "The

collision was caused by the *recklessness, carelessness, and negligence of the Defendant, Edwin Antonio Orellana Bernal, and driver* [sic]." (emphasis added).

The owner of a vehicle may be liable if he negligently entrusts his vehicle to another individual. *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1990). Accordingly, one may read the above referenced paragraph to allege that defendant Bernal caused the collision by negligently entrusting his vehicle to the driver. The plaintiff may in fact be able to recover against the defendant/owner under a negligent entrustment theory. Therefore, the failure to name the driver as a defendant is not a distinct issue of fact that creates a bar to plaintiff's right to recover against the defendant/owner. A demurrer may be appropriate in order to challenge the sufficiency of the pleading of the cause of action, but a plea in bar cannot be sustained.

In addition, the use of a plea in bar in this instance seems misplaced. The allegation that the plaintiff has sued the wrong person, *i.e.*, the "it wasn't me defense," may constitute a defense for the defendant, but it is not a bar to recovery as required by a plea in bar. The fact that the defendant was not the driver of the car may be one defense to the action, but it does not create a bar to the plaintiff's proceeding under the Complaint as to the defendant under another theory. As a result, a plea in bar cannot be sustained.