# CIRCUIT COURT OF FAIRFAX COUNTY

Gloria G. B. Verhey

v.

Benjamin Stewart

April 11, 2011

Case No. CL-2010-6503

BY JUDGE BRUCE D. WHITE

This matter came before the Court on February 11, 2011, for argument on the plea in bar of the defendant, Benjamin Stewart, arguing that the statute of limitations had run and the nonsuited action was not timely re-filed. Plaintiff, Gloria G. B. Verhey, contends that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 101 *et seq.* (the "Act") tolled the statute of limitations and made her re-filing timely. At the conclusion of the hearing, the Court granted the parties additional time to file supplemental briefs, and the Court took the matter under advisement. The Court is confronted with a single issue in deciding Defendant's plea in bar, whether a private defense contractor working in Afghanistan is entitled to the protections of the Act, specifically, whether or not she is considered to be "serving with the forces of a nation with which the United States is allied in the prosecution of a war or military action." 50 U.S.C. App. § 514.

## Background

This is a personal injury matter arising from an automobile accident that occurred on October 23, 2006. The original action was filed on October 22, 2008, one day before the period of limitations expired. The case was voluntarily nonsuited by the Plaintiff on September 11, 2009. Plaintiff then re-filed the action on May 4, 2010, seven months and twenty-three days after the nonsuit.

During the original period of limitations and the proceedings in this case, Plaintiff was in Afghanistan on at least two occasions. First, Plaintiff served in the active duty military from approximately October 2007 to December 2008, a period of fourteen months. (Pl. Opp'n Ex. 1.) Plaintiff

did not argue that her time spent on active duty military service tolled the original period of limitations. Even if it did, however, Plaintiff's re-filed action still would have been over three months late. *See* Va. Code § 8.01-229(E)(3); 50 U.S.C. App. § 526. Second, Plaintiff was in Afghanistan for the months of December 2009 and January 2010, working as an employee for Spectal Consultants ("Spectal"). (Pl. Opp'n ¶ 3.) Spectal is a private defense contractor "providing critical intelligence to the United States military and its allies" in both Afghanistan and Iraq. (Pl. Opp'n ¶¶ 3-4.) In their respective memoranda to this Court, neither party proffers the exact length of time that Plaintiff spent overseas.

In his plea in bar, Defendant argues that Plaintiff did not timely re-file her nonsuited personal injury action. Plaintiff responds by arguing that the Act tolled the statute of limitations. Specifically, she contends that working for a private defense contractor overseas is similar to serving in the United States military and that she is therefore protected by the Act. *See* 50 U.S.C. App. § 514.

## Analysis

A plea in bar is a defensive pleading which "shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). "The moving party carries the burden of proof on that issue of fact." *Id.* If a trial court does not take evidence in support of the plea in bar, the court "must rely solely upon the pleadings in resolving the issue presented." *Id.* A reviewing court must deem the facts alleged in the plaintiff's complaint to be true. *Id.* In this proceeding, the issue of fact is whether the Plaintiff's nonsuited action was timely re-filed pursuant to Virginia Code § 8.01-229(E)(3).

The Act affects the timeliness analysis in this case. Initially, Virginia Code § 8.01-229(E)(3) establishes the time-frame for when a party can re-file a case after suffering a voluntary nonsuit. Under § 8.01-229(E)(3), a "plaintiff may recommence his action within six months from the date of the [nonsuit] order entered by the court." However, the Act tolls the statute of limitations to protect members of the armed forces while serving on active duty. *See* 50 U.S.C. App. § 526. Section 526 provides that "the period of a servicemember's military service may not be included in computing any period limited by law . . . for the *bringing* of any action or proceeding in [any] court . . . by or against the servicemember." 50 U.S.C. App. § 526 (emphasis added). The protections of the Act also apply to citizens of the United States who are "serving with the forces of a nation with which the United States is allied in the prosecution of a war or military action . . . if that service with the allied force is similar to military service as defined in this Act." 50 U.S.C. App. § 514.

The outcome of this plea in bar thus turns on a single issue, whether Plaintiff's time as an employee for Spectal counts as military service as defined in the Act. If the Act applies to her time working for Spectal, then her re-filed action would be timely filed.

For the Act to apply to Plaintiff, she would need to have been (1) serving with the "forces of [an allied foreign] nation" and (2) in service similar to "military service" as defined in the Act. 50 U.S.C. App. § 514. Both of these two prongs must be satisfied, and neither are met.

First, the Plaintiff was not serving with the forces of an allied foreign nation. She was an employee of a private defense contractor providing services to the United States military. (Pl. Opp'n ¶ 3.) She was an employee of Spectal Consultants, "providing critical intelligence to the United States military and its allies." (Pl. Opp'n ¶ 4.)

Second, the Plaintiff was not participating in service similar to "military service" as defined by the Act. The Act defines military service as membership in the "Army, Navy, Air Force, Marine Corps, or Coast Guard . . . on active duty." 50 U.S.C. App. § 511(2)(A). And "active duty" is defined as "full-time duty in the active military service." 10 U.S.C. § 101(d)(1). A private defense contractor is simply not one of the branches of the armed forces. *In re Gaddy*, 2004 Bankr. LEXIS 1392, 2004 WL 2044107, *3 (Bankr. D. Kan. 2004) (unpublished decision) ("[The Act] clearly does not apply to someone who is simply a civilian employee of a private contractor doing work for the uniformed services of the United States."). And "active duty" status implies a period of constant service required by membership in the armed forces, usually overseas, but not always. *See* 10 U.S.C. § 101(d)(1); 50 U.S.C. App. § 511(2).

Tolling the statute of limitations in this case would be an improper application of the policy behind the Act. The Act was created to protect the civil rights of servicemembers, so they can "devote their entire energy to the defense needs of the Nation," 50 U.S.C. App. § 502, not to allow private citizens a second chance at filing actions they voluntarily nonsuited. As a private contractor, Plaintiff was free to litigate her claim when it was convenient for her and was not precluded from a timely re-filing here by any "service" contemplated by the Act.

The Defendant's Plea in Bar is granted.