# CIRCUIT COURT OF THE CITY OF NORFOLK

Kirtus Zook

v.

City of Norfolk
Commonwealth of Virginia,
and TME Enterprises, Inc.

July 19, 2013

Case No. (Civil) CL12-4019

BY JUDGE JUNIUS P. FULTON, III

The Defendant's Demurrers, Special Plea of Sovereign Immunity, and Motion for Summary Judgment were heard on May 28, 2013. At the conclusion of the hearing, the Court took the matter under advisement pending consideration of the memoranda in support and opposition thereto and the applicable case law.

The facts in this case are relatively straight forward. On May 25, 2012, Plaintiff filed a Complaint against the City of Norfolk, the Commonwealth of Virginia, and TME Enterprises, Inc. ("TME") for injuries sustained when a red oak tree fell on the vehicle occupied by Plaintiff while traveling on Northampton Boulevard in the City of Norfolk. Defendant TME has subsequently been dismissed from these proceedings.

The Plaintiff alleges that the remaining Defendants "had a duty of care to all motorists and their passengers, including the Plaintiff, to keep the roadways and adjacent properties free and clear from unsafe and dangerous conditions and hazards, such as the dead red oak which fell on the Plaintiff's automobile, of which they knew or should have known." (Compl. ¶ 13.)

By Demurrer, Defendants City and Commonwealth contend that the Plaintiff's pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted. Code of Virginia § 8.01-273(A). For purpose of the Demurrer, the Defendants "admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred

from alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

In considering a demurrer, the court does not "evaluate and decide the merits of a claim; [a demurrer] only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Mil. Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). However, "[w]hen a . . . complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918)). Furthermore, when "evaluating allegations of negligence, this Court determines whether the factual allegations are sufficient to establish a duty of care." *Cline v. Dunlora S., L.L.C.*, 284 Va. 102 (2012). "Whether such duty exists is 'a pure question of law'." *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 106, 540 S.E.2d 134, 139 (2001) (quoting *Burns v. Johnson*, 250 Va. 41, 45, 458 S.E.2d 448, 451 (1995)).

In support of their Demurrer, each Defendant has cited *Cline v. Dunlora S., L.L.C.*, 284 Va. 102, 726 S.E.2d 14 (2012), and asserted that the Plaintiff's cause of action is precluded because there is "no legal duty to maintain any natural condition on land adjacent to a roadway." (Commonwealth's Dem. ¶ 6; City's Dem. ¶ 7.)

In *Cline*, a motorist brought negligence and nuisance claims against a private landowner after a dead tree on the private landowner's property fell onto the motorist's vehicle, which was traveling on an adjoining public highway. 284 Va. at 104, 726 S.E.2d at 15. The Supreme Court of Virginia held that a "private" landowner has no duty to traveling motorists to cut down decaying trees adjoining a public highway. *Id.* at 110, 726 S.E.2d at 18. The Court held that "the duty owed by adjoining property owners is to refrain from engaging in any act that makes the highway more dangerous than in a state of nature or in the state in which it has been left." *Id.*

*Has the Plaintiff Alleged a Sufficient Duty To Maintain a Cause of Action against the City of Norfolk?*

The City asserts that it does not have a common law or statutory duty to keep the roadways and adjacent properties free and clear from unsafe conditions and hazards. (City's Dem. & Mot. Summ. J. ¶¶ 3, 7.) The City argues that the duties of public entities, property owners, and non-property owners was addressed in *Cline*, where the Court cited *Price v. Travers*, 149 Va. 536, 541-42 (1927), and stated:

> The duty of the [public entity that maintains the highway] is to perform a positive act in the preparation and preservation of a sufficient traveled way. The duty of others is to abstain from doing any act by which any part of the highway will become more dangerous to the traveler than in a state of nature, or than in the state in which the [public entity that maintains the highway] has left it.

The City argues that, if it owned the adjacent land upon which this tree once stood, its only duty would be to "abstain from doing any act by which any part of the highway would become more dangerous to the traveler than in a state of nature or than in the state in which the City left it." (City's Dem. 10.)

The duty of public entities was not specifically addressed in *Cline*, as the Court's majority and dissent both stated that, "the duty of VDOT or any other entity responsible for maintaining the safety of the roadway presents a question not now before us." *Id.* at 115, n. 6, 726 S.E.2d at 21, n. 6. It should be noted that *Cline* did not address a situation such as that present in this case where the Plaintiff has alleged that a public entity owns the adjacent land and also bears the concurrent responsibility for the roadway upon which the tree fell.

A City's Charter "represents the supreme law of the [municipality]." 2 Eugene McQuillin, *Law of Municipal Corporations*, § 9.03 (3d ed. 1988). It is well settled that the public highways are the responsibility of the public entity, either state or local. "Public highways, whether they be in the country or in the city, belong not partially but entirely, to the public at large, and that the supreme control over them in is in the legislature." To a certain extent this plenary power over the streets is conferred by the legislature of the state upon the cities and towns thereof. "Any part of the highway may be used by the traveler in such direction as may suit his convenience or taste. No private person has a right to place any obstruction which interferes with this right on any part of the highway within its exterior limits."

Pursuant to the Norfolk City Charter § 2(11), the City "shall have power: [t]o plant and maintain shade trees along the streets and upon such public grounds." In addition, the City has the power to "maintain . . . public highways, [and] boulevards, prevent the obstructing of such streets and highways . . . and to do all other things . . . to make said streets and highways safe, convenient, and attractive." *Id.* Norfolk City Charter § 2(11). "It is well settled in Virginia that a municipality corporation, which has by its charter the power to . . . keep its streets in order, is liable in damages to any person by reason of the neglect of such corporation to keep its streets in a proper and safe condition." *Clark v. City of Richmond*, 83 Va. 355, 358, 5 S.E. 369, 371 (1888).

In this case, the incident at issue occurred in the 6100 block of Northampton Boulevard within the City of Norfolk. The Complaint alleges

that the City owns the land; the City contends otherwise. (Compl. ¶ 6; City's Dem. & Mot. Summ. J. ¶ 10.) Further, the Complaint also alleges that the City knew or should have known that the red oak was "obviously rotten" and "missing its crown" at the time of the incident. (Compl. ¶¶ 12, 13.) These facts taken as true sufficiently allege that the City had notice of the danger posed by the red oak.

At common law, a landowner owed no duty to those outside his land with respect to natural conditions existing on the land, regardless of their dangerous condition. Although the Virginia Supreme Court has never recognized the application of principles of ordinary negligence to apply to natural conditions on land, it continues to hold to the common law maxim: *sic utere tuo ut alienum non laedas* — one must so use his own rights as to not infringe upon the rights of another. *Cline v. Dunlora*, 284 Va. at 107, citing *Burwell v. Hopson*, 53 Va. (12 Gratt.) 322, 325 (1855).

Courts in other states have found that the "[public] authority is liable for damages caused by fall of a tree standing within limits . . . to its highway, provided that public authority had notice, or in exercise of reasonable care should have been informed that [the] condition of [the] tree was such as to make it hazardous to persons or property in [the] immediate vicinity." *Marsh v. South Carolina Dept. of Highways & Pub. Transp.*, 298 S.C. 420, 422, 380 S.E.2d 867, 868 (S.C. App. 1989); *Messinger v. State of New York*, 183 Misc. 811, 51 N.Y.S.2d 506 (N.Y. Ct. Cl. 1944); and *Hattiesburg v. Hillman*, 222 Miss. 443, 76 So. 2d 368 (1954).

Further, according to English common law, a landowner owes a duty of care to travelers on the highway adjoining the landowners property. *Quinn v Scott*, [1965] 2 All E.R. 588. The landowner must act as a reasonable and prudent landowner under the circumstances. *Id*. Thus, the danger must be apparent to the ordinary layman before the accident occurred. *Brown v. Harrison* (1947), 144 A.C. 282. In addition, a private landowner has a duty to remedy the dangerous condition "within a reasonable time after he became aware, or ought to have become aware, of the danger." *Caminer v. N. & London Inv. Trust, Ltd.*, [1949] 2 K.B. 66.

Thus, the Norfolk City Charter imposes a duty on the City to prevent obstructions to Northampton Boulevard, and maintain trees upon public grounds bordering the roadway, including the area from which the red oak fell. The allegations contained in the Complaint are that the City knew or should have known about this dangerous tree and thus the City has a duty to keep the "roadways and adjacent properties to the roadway free and clear from unsafe and dangerous conditions and hazards." (Compl. ¶ 13.) Consistent with *Cline v. Dunlora, Price v. Stevens* and the other authorities cited herein, the Plaintiff has alleged a sufficient cause of action for negligence against the City.

*Has the Plaintiff Alleged a Sufficient Duty To Maintain a Cause of Action against the Commonwealth of Virginia?*

The Commonwealth alleges that it "had no legal duty to maintain the natural vegetation on its property." (Commonwealth's Mem. Supp. Dem. 2.)

Virginia Code § 33.1-13 states:

> Except such powers as are conferred by law upon the Commonwealth Transportation Board, the Commissioner of Highways shall have the power to do all acts necessary or convenient for constructing, improving, maintaining, and preserving the efficient operation of the roads embraced in the systems of state highways. . . .

In construing the definition of "state highways," Va. Code § 33.1-25, in relevant part, states:

> Except as the same shall be changed as hereinafter provided, the roads and bridges now comprising the State Highway System, sometimes referred to as the primary system of state highways, shall continue to constitute and be known as the State Highway System and the terms "State Highway System" or "primary system of state highways" when used elsewhere in this Code or in any other act or statute shall refer to and mean such State Highway System, sometimes called the primary system of state highways, as so constituted. The term "State Highway System" shall not include the secondary system of state highways. The State Highway System shall be constructed and maintained by the State under the direction and supervision of the Commonwealth Transportation Board and the Commissioner of Highways.

In differentiating between the "State Highway System" and "secondary system of state highways," Va. Code § 33.1-67 states in pertinent part:

> The secondary system of state highways shall consist of all of the public roads, causeways, bridges, landings, and wharves in the several counties of the Commonwealth not included in the State Highway System . . . including such roads and community roads leading to and from public school buildings, streets, causeways, bridges, landings, and wharves in incorporated towns having 3,500 inhabitants or less according to the census of 1920, and in all towns having such a population incorporated since 1920, as constitute connecting links between roads in the secondary system in the several counties and between roads in the secondary system and roads in the primary system of the state highways, not, however, to exceed two miles in any one town.

VDOT, as an agency of the Commonwealth, is responsible for maintaining Virginia's roadways, which includes "tree trimming/removal." http://www.virginiadot.org/info/citizenservices.asp (last visited June 3, 2013).

In this case, Northampton Boulevard is located in the City of Norfolk, which is not a county of the Commonwealth; therefore, Northampton Boulevard is part of the "State Highway System" not the secondary highway system. In addition, Northampton Boulevard is located near Interstate 64, which is part of the State Highway System. Accordingly, Va. Code § 33.1-13 places the duty of maintaining Northampton Boulevard by removing and trimming trees on VDOT, in order to maintain and preserve the efficient operation of the state highway system.

Further, the Complaint alleges that the Commonwealth owns or has rights to control the property adjacent to Northampton Boulevard. (Compl. ¶ 7.) Based on the footnote in *Cline*, the Virginia Code, and the authorities discussed above, VDOT had the duty to exercise reasonable care to remove the red oak tree, as part of its responsibility of "tree trimming/removal," and the duty of reasonable care "to maintain the natural vegetation on the property" adjacent to Northampton Boulevard.

### *Is the Commonwealth Immune from the Plaintiff's Suit or Does the Virginia Torts Claims Act ("VTCA") Waive the Commonwealth's Immunity?*

The Commonwealth has filed a Special Plea of Sovereign Immunity, alleging that it is immune from Plaintiff's claims because Plaintiff failed to allege that "any employee of [Defendant] committed a 'negligent or wrongful act' as required under the VTCA." (Commonwealth's Mem. Supp. Dem. 2.)

"A plea of sovereign immunity is a defensive plea presenting distinct issues of fact which, if proved, create a bar to the plaintiff's right of recovery." *Whitley v. Commonwealth*, 260 Va. 482, 493, 538 S.E.2d 296, 302 (2000) (citing *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996)). In determining the special plea of sovereign immunity, "[t]he facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the special plea." *Id.* The question of whether the pleader is entitled to sovereign immunity is purely a question of law. *Id.* (citing *City of Chesapeake v. Cunningham*, 268 Va. 624, 633, 604 S.E.2d 420, 426 (2004)).

The Supreme Court of Virginia has recognized that the "Commonwealth and its agencies are immune from liability for the tortious acts of their agents, employees, and servants absent express statutory or constitutional provisions waiving immunity." *Maddox v. Commonwealth*, 267 Va. 657, 661, 594 S.E.2d 567, 568 (2004). However, the General Assembly, by enacting the VTCA in 1981, "provided an express, limited waiver of the

Commonwealth's immunity." *Id.* at 661, 594 S.E.2d at 569. Additionally, the VTCA's "waiver of immunity must be strictly construed." *Id.*

The VTCA states in pertinent part:

> [T]he Commonwealth shall be liable for claims for money . . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth . . . *if a private person, would be liable to the claimant for such damage, loss, injury, or death.*

Va. Code § 8.01-195.3 (emphasis added).

Under *Cline v. Dunlora*, a private landowner does not owe a duty to protect travelers on an adjoining public roadway from natural conditions on the landowner's property. Thus, the Commonwealth, if a private person, would not be liable to the Plaintiff.

Given that the Commonwealth has not waived their sovereign immunity, the Court will grant the Commonwealth's Special Plea of Sovereign Immunity.

Thus, I will overrule the City and Commonwealth's Demurrer for the reasons stated herein. However, the Court will sustain the Commonwealth's Special Plea of Sovereign Immunity.